# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

October 11, 2018

Lyle W. Cayce
Clerk

No. 17-50407

UNITED STATES OF AMERICA,

      Plaintiff - Appellee

v.

RICHARD FUENTES,

      Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas

Before JOLLY, ELROD, and WILLETT, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

Richard Fuentes appeals the district court's five-year sentence imposed after his supervised release was revoked. Because we conclude that the sentence was not plain error, we affirm the judgment of the district court.

## I.

In 2003, Richard Fuentes pled guilty to possession of a firearm as a person who had accrued three prior convictions for violent felonies under the Armed Career Criminal Act (ACCA). *See Johnson v. United States*, 135 S. Ct. 2551, 2555 (2015). The district court sentenced him to 180 months of imprisonment and five years of supervised release. One of the supervised

No. 17-50407

release conditions included in the judgment required Fuentes to attend and participate in sex offender treatment as approved and directed by the probation officer.[1]  This court summarily affirmed the judgment of conviction.

Fuentes then filed a 28 U.S.C. § 2255 motion in district court seeking relief because the Sentencing Guidelines had been ruled unconstitutional and his sentence exceeded the average sentence imposed for his statute of conviction.  In response to the district court's show cause order, Fuentes repeated his claim regarding the unconstitutionality of the Sentencing Guidelines and added a claim that he had never been convicted of a violent felony.  The district court dismissed his § 2255 motion because none of his claims warranted relief.

In February 2006, Fuentes filed a second § 2255 motion in district court in which he claimed that he was denied the effective assistance of trial counsel. The district court dismissed his second § 2255 motion without prejudice as an unauthorized successive § 2255 motion and as untimely.

Fuentes began his term of supervised release on March 8, 2016.  In May 2016, the district court issued a summons for Fuentes at the probation officer's request and advised Fuentes to follow the applicable instructions and directives from the probation officer regarding Fuentes's sex offender evaluation and treatment.  In September 2016, the probation officer filed a petition for a warrant recommending revocation of Fuentes's term of supervision due to his continued refusal to submit to sex offender evaluation and treatment.  The petition contained two specific allegations against Fuentes: (1) in March 2016, he reported to a sex offender evaluation, but the evaluation could not be completed because he refused to sign the release of

---

[1] One of the violent felony convictions listed in Fuentes's indictment was a conviction under Texas state law for indecency with a child by contact.

2

No. 17-50407

information documents; and (2) in August 2016, he reported twice to his sex offender evaluation, but the evaluation could not be completed on both occasions because he refused to participate fully in the process.

At his revocation hearing, Fuentes refused to admit to the allegations in the petition and stated that he complied with all applicable requirements. The probation officer testified that Fuentes (1) refused to sign the consent form for his sex offender evaluation until the day the district court summoned him and advised him to comply; (2) refused to answer various questions during the sex offender evaluation, thereby preventing completion of that evaluation; and (3) persisted in that refusal despite the probation officer's explanation that his refusal to comply constituted a violation of the terms of his supervised release. The counselor who attempted to perform Fuentes's sex offender evaluation testified that (1) Fuentes refused to sign the consent form at their first meeting; (2) after he eventually signed the consent form, he refused to answer certain evaluation questions; (3) his refusal to answer those questions prevented completion of the evaluation; and (4) he persisted in that refusal despite the counselor's explanation that the evaluation could not be completed without those answers. The district court determined that Fuentes violated his supervised release conditions and therefore revoked that term of supervised release.

The Government argued that Fuentes should be sentenced to the statutory maximum of five years of imprisonment, with no additional term of supervised release, because of Fuentes's steadfast refusal to comply with the terms of his release. The district court agreed with defense counsel that the revocation judgment could not include the sex offender condition for supervised release under current law because it was not based on a federal conviction. The district court sentenced Fuentes to five years of imprisonment with no term of supervised release. Fuentes filed a timely notice of appeal.

3

No. 17-50407

II.

On appeal, Fuentes argues that his five-year revocation sentence is substantively unreasonable because he (1) no longer qualifies for an enhanced penalty under the ACCA after *Johnson* and (2) has already served more time in prison than the non-ACCA aggregate maximum for his original offense and revocation.  He concedes that he cannot challenge his underlying conviction and sentence and that he did not object to the revocation sentence.

When a defendant properly preserves an objection for appeal, revocation sentences are reviewed under a "plainly unreasonable" standard.  *See* 18 U.S.C. § 3742(a); *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011).  To determine whether a sentence is plainly unreasonable, this court first evaluates whether the district court committed a "significant procedural error, such as failing to consider the [18 U.S.C.[ § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing adequately to explain the chosen sentence, including failing to explain a deviation from the Guidelines range." *United States v. Warren*, 720 F.3d 321, 326 (5th Cir. 2013) (internal quotation marks and citation omitted).  If there is no procedural error, the court considers the substantive reasonableness of the sentence under an abuse of discretion standard, "examining the totality of the circumstances."  *Id.* at 326, 332.[2] Fuentes, however, did not object to the sentence below, so we review for plain error.  *See United States v. Whitelaw*, 580 F.3d 256, 259–60 (5th Cir. 2009).  To show plain error, Fuentes must demonstrate an error that is clear or obvious — "rather than subject to reasonable dispute" — and affects his substantial rights.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he makes

---

[2] Some of our precedent goes further, suggesting that, even when the defendant objects at the district court level, we must also ask whether the "error was obvious under existing law" as part of the "plainly unreasonable" review.  *See Miller*, 634 F.3d at 843.  Because we are conducting plain error review, however, we will not address this prong.

that showing, this court has the discretion to correct the error only if it "seriously affect[s] the fairness, integrity[,] or public reputation of judicial proceedings." *Id.* (internal quotation marks and citation omitted). The burden of establishing entitlement to relief for plain error is on the party claiming it. *See United States v. Dominguez Benitez*, 542 U.S. 74, 82 (2004). Meeting all four prongs of the plain error standard "is difficult, as it should be." *Puckett*, 556 U.S. at 135 (internal quotation marks and citation omitted); *United States v. Evans*, 587 F.3d 667, 671 (5th Cir. 2009) (explaining this court "ordinarily do[es] not find plain error when [it has] not previously addressed an issue" (internal quotation marks omitted)).

The Supreme Court has recently found that, despite both being labeled "standards of review," the "plain error" inquiry is separate from the "substantive unreasonableness" inquiry. *Rosales-Mireles v. United States,* 138 S. Ct. 1897, 1910 (2018) ("A substantive reasonableness determination . . . is an entirely separate inquiry from whether an error warrants correction under plain-error review."). Thus, in examining Fuentes's sentence on appeal, we must first ask whether the sentence is "substantively unreasonable," - that is, whether the district court engaged in an abuse of discretion under the "totality of the circumstances." *Warren*, 720 F.3d at 332. Then, because we are reviewing for plain error, we must ask whether it was clear or obvious that the sentence imposed by the district court was an abuse of discretion. *See Puckett,* 556 U.S. at 135.

In this appeal, Fuentes notes that, at his original sentencing in 2003, he challenged the use of his Texas indecency-with-a-child conviction as a violent felony under the ACCA, but the Government responded that the indecency conviction qualified under the Act's residual clause. The sentencing court overruled his challenge and sentenced him to the mandatory minimum of 15 years of imprisonment required by the ACCA. In 2015, the Supreme Court

held in *Johnson* that increasing a defendant's sentence under the ACCA residual clause is unconstitutional. *Johnson*, 135 S. Ct. at 2557. The Supreme Court later held that "*Johnson* announced a substantive rule that has retroactive effect in cases on collateral review." *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016).

Fuentes contends that he was therefore wrongfully subject to enhanced penalties under the ACCA. He argues that he should have been subject to a ten-year statutory maximum term of imprisonment and, because that lowered his offense to a Class C felony under 18 U.S.C. § 3559(a)(3), the maximum revocation imprisonment term would have been two years under 18 U.S.C. § 3583(e)(3). Since his actual sentence of five years would not have been permissible without the alleged constitutional defect, and because he has already served nearly 13 years in prison (one year longer than the 12-year aggregate term that he should have been sentenced to originally), he contends that his revocation sentence is substantively unreasonable.

In support of that view, he relies on this court's holding in *United States v. Willis*, 563 F.3d 168, 169–70 (5th Cir. 2009). Willis was convicted of two counts of being a felon in possession of a firearm and was sentenced to two terms of imprisonment and two terms of supervised release, all to run concurrently. *Id.* at 169. In his unsuccessful direct appeal and § 2255 motions, Willis failed to argue that his conviction on two counts, both for simultaneous possession of two firearms, was multiplicitous. *Id.* After he completed his imprisonment terms, he violated the conditions of his supervised release, so both terms of supervised release were revoked. *Id.* The district court imposed two revocation sentences of twenty-four months of imprisonment to run consecutively. *Id.* On appeal, this court held that, "although there is no question the underlying convictions were multiplicitous, Willis may not challenge those underlying convictions in this appeal." *Id.* at 170. Willis's

challenge to the reasonableness of the second revocation sentence, however, was permissible. *Id.* This court noted that the second revocation sentence was legal in the sense that it stemmed from his original sentence, which remained undisturbed. *Id.* Despite its legality, we held that the second revocation sentence was plainly unreasonable because it "would require that Willis serve two revocation sentences, *consecutively*, as a penalty for what all parties now agree was only one offense." *Id.* This court stated that this holding was narrow and "limit[ed] the precedential value of [its] holding to cases presenting indistinguishable facts in all material respects." *Id.*

*Willis* does not directly control our decision here. Even if the case were otherwise indistinguishable, the *Willis* court was reviewing a properly preserved challenge, whereas we are reviewing only for plain error. This does not mean that *Willis* is irrelevant, but it does mean that *Willis* must have been sufficient to make it "clear or obvious" that Fuentes's sentence was unreasonable.

Taking this into account, we conclude that the sentencing court did not commit plain error in its decision. The defendant asks us to read *Willis* to have established a broad proposition that any sentence that was lengthened by an apparent constitutional defect in prior proceedings is substantively unreasonable. We do not believe that the case stood for such a broad proposition, let alone "obviously." The *Willis* court made clear that its holding was limited to the material facts of that case.

Furthermore, the facts here are materially different from those presented in *Willis*. First, the nature of the alleged constitutional infirmity is quite different. In *Willis,* the defendant argued that his original convictions were multiplicitous on their face, unlike Fuentes, who alleges an error in his sentence which only became apparent years later due to an intervening Supreme Court decision.

Second, unlike *Willis*, the parties do not agree that Fuentes's original judgment of conviction was erroneous.  Fuentes does not cite to a case holding that a Texas conviction for indecency with a child by contact no longer qualifies as a violent felony under the ACCA, but he instead argues that such a determination is supported by viewing *Johnson*'s effect on various pre-*Johnson* cases regarding such offenses.  This fact alone would likely be sufficient to affirm Fuentes's sentence.  *United States v. Lucas*, 849 F.3d 638, 645 (5th Cir. 2017) ("An error is not plain under current law if a defendant's theory requires the extension of precedent." (internal quotation marks and citation omitted)).

Third, even if Fuentes is correct that he would no longer qualify for an enhanced penalty under the ACCA, the relationship between the constitutional violation and Fuentes's sentence is quite different from *Willis*.  In *Willis*, the uncorrected defect in the original conviction was both carried forward and exacerbated by the imposition of two consecutive revocation sentences.  563 F.3d at 170 ("There is no question but that the second revocation sentence is multiplicitous in its own right.").  In the instant case, the ACCA penalty enhancement was carried forward, as would be expected, because the higher statutory maximum resulted in a higher maximum revocation imprisonment term.  18 U.S.C. §§ 3559(a)(3), 3583(e)(3).  The imposition of a statutory maximum revocation sentence in this case did not exacerbate that original flaw in a sufficiently similar manner to *Willis* such that *Willis* trumps the default view that a statutory maximum revocation sentence is neither plainly unreasonable nor plain error.

Irrespective of whether these distinctions would be sufficient to persuade us to vacate the sentence under *Willis* had the defendant properly raised the issue below, they are sufficient to persuade us that the district court did not commit a plain error, particularly in the light of *Willis*'s careful limitation of its own precedential value.  Because it is not plain that under existing law the

statutory maximum revocation sentence is substantively unreasonable, the judgment of the district court is AFFIRMED.