# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-30594
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 2, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DORIAN GIVENS, also known as Doe Givens,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:12-CR-259-2

Before SMITH, WIENER, and WILLETT, Circuit Judges.

PER CURIAM:*

Defendant-Appellant Dorian Givens appeals the consecutive 36-month and two 24-month terms of imprisonment imposed on revocation of his terms of supervised release. He asserts that the district court failed to explain his sentence adequately, failed to consider the relevant 18 U.S.C. § 3553(a) factors, including the applicable guideline range, and selected his sentence based on clearly erroneous facts. Givens further contends that his sentence is

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-30594

substantively unreasonable because the district court improperly considered the factors in § 3553(a)(2)(A), failed to account for the Chapter Seven policy statements of the U.S. Sentencing Guidelines and the need to avoid unwarranted sentence disparities, and made a clear error of judgment in balancing the proper sentencing factors.

We review a sentence imposed on revocation of supervised release under a "plainly unreasonable" standard, in a two-step process. *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011). We first "'ensure that the district court committed no significant procedural error,' such as failing to consider the § 3553(a) factors, selecting a sentenced based on clearly erroneous facts, or failing to adequately explain the chosen sentence, including failing to explain a deviation from the Guidelines range." *United States v. Kippers*, 685 F.3d 491, 497 (5th Cir. 2012) (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)). If we find no procedural error, we next review the substantive reasonableness of the sentence imposed. *Id.* "If we find the sentence unreasonable, we may reverse the district court only if we further determine the error was obvious under existing law." *United States v. Warren*, 720 F.3d 321, 326 (5th Cir. 2013) (internal quotation marks and citation omitted).

The record reflects that the district court "understood the guidelines range[,] . . . considered § 3553(a)'s factors at least implicitly, did not select a sentence based on clearly erroneous facts, and did not fail to adequately explain his sentence." *Kippers*, 685 F.3d at 499. Givens does not point to any materially untrue information relied on by the district court; he merely disputes the district court's characterization of his criminal record and conduct, which is insufficient to show that the district court erred. *See Warren*, 720 F.3d at 331.

No. 18-30594

We review the substantive reasonableness of a challenged sentence for abuse of discretion. *Miller*, 634 F.3d at 843. A revocation sentence is substantively unreasonable if the district court did not account for a factor that should have received significant weight, gave significant weight to an irrelevant or improper factor, or made a clear error of judgment in balancing the sentencing factors. *Warren*, 720 F.3d at 332. Further, "because the sentence now under review is a revocation sentence, any abuse of discretion must also be obvious under existing law." *United States v. Sanchez*, 900 F.3d 678, 685 (5th Cir. 2018) (internal quotation marks and citation omitted). A district court may not base a revocation sentence on the factors listed at § 3553(a)(2)(A), and to do so is clear error. *United States v. Rivera*, 784 F.3d 1012, 1017-18 (5th Cir. 2015).

The record reflects that the district court implicitly considered the Chapter Seven policy statements and found the applicable advisory range insufficient. The district court did not expressly state that it considered the factors in § 3553(a)(2)(A), and the record does not indicate that the court improperly relied on those factors. Unlike the court in *Miller*, 634 F.3d at 844, the district court here did not mention lack of "respect for the law," and the comments made are consistent with the permissible factors of deterrence and protection of the public. § 3553(a)(2)(B)-(C); *see Sanchez*, 900 F.3d at 684. Although Givens contends that the disparity between his sentence and that of a co-defendant who received only 13 months of imprisonment on revocation of supervised release is unwarranted, he fails to show that he and that co-defendant were similarly situated. *See United States v. Guillermo Balleza*, 613 F.3d 432, 435 (5th Cir. 2010). Finally, Givens's contention that "his limited criminal history and lack of violent offenses" warranted a lesser sentence amounts to mere disagreement with the district court's balancing of the §

3553(a) factors and thus is insufficient to show that the court made a clear error of judgment. *See Gall*, 552 U.S. at 51. "We have routinely affirmed revocation sentences exceeding the advisory range, even where the sentence equals the statutory maximum." *Warren*, 720 F.3d at 332 (internal quotation marks and citation omitted); *see also United States v. Fuentes*, 906 F.3d 322, 324-27 (5th Cir. 2018).

Givens has not shown that his revocation sentence is plainly unreasonable. *See Miller*, 634 F.3d at 843. The judgment of the district court is therefore AFFIRMED.