# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-10007
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 6, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CRISTINA MEZOMO,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:18-CR-136-2

Before WIENER, HAYNES, and COSTA, Circuit Judges.

PER CURIAM:[*]

Cristina Mezomo pleaded guilty to possession of stolen mail, and the district court sentenced her, above the advisory guidelines range of 21 to 27 months, to 36 months of imprisonment and three years of supervised release. Mezomo now appeals, challenging her sentence as procedurally and substantively unreasonable.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-10007

Because Mezomo did not preserve either of her arguments in the district court, our review is for plain error. *United States v. Fuentes*, 906 F.3d 322, 325 (5th Cir. 2018), *cert. denied*, 139 S. Ct. 1363 (2019); *United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). Mezomo must therefore show a forfeited error that is clear or obvious and that affects her substantial rights. *Puckett v. United States*, 556 U.S. 129, 135, (2009). If she makes such a showing, we have discretion to correct the error and should do so if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1905 (2018) (internal quotation marks and citation omitted).[1]

First, Mezomo complains that her sentence is procedurally unreasonable because the district court did not adequately explain its reasons or specifically address her mitigating arguments. However, the district court gave Mezomo "some explanation" for the sentence when it expressed concern about her criminal history and her likelihood of recidivism. *United States v. Whitelaw*, 580 F.3d 256, 261 (5th Cir. 2009). Mezomo has not shown that a more thorough explanation would have resulted in a lower sentence, and the instant record satisfies us that the district court considered Mezomo's arguments and had a reasoned basis for imposing the sentence. *See id.*

Next, Mezomo argues that her sentence is substantively unreasonable because it is greater than necessary to meet 18 U.S.C. § 3553(a)'s sentencing goals and because the district court failed to account for several significant sentencing factors. The instant record, including the sentencing transcript and statement of reasons, reflects the district court's consideration of the § 3553(a) factors. Moreover, under the totality of the circumstances, the 36-month

---

[1] We note, however, that, in this case, the standard of review is not dispositive. Even applying the less-deferential standards argued by Mezomo, she still would not prevail.

sentence is not an abuse of discretion, much less a clear or obvious abuse of the district court's discretion amounting to plain error.  *See Fuentes*, 906 F.3d at 325.  As Mezomo has shown no error, plain or otherwise, the judgment of the district court is AFFIRMED.