# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
November 14, 2019

Lyle W. Cayce
Clerk

No. 18-20803
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

OLUSEGUN AKANNI AYODELE, also known as Rickey Thompson,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CR-575-1

Before JOLLY, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

After Olusegun Akanni Ayodele pleaded guilty to passport fraud, the district court sentenced him to 24 months of imprisonment and three years of supervised release. Ayodele now appeals, arguing that his sentence is procedurally and substantively unreasonable.

Our first step in reviewing a sentence is to determine whether the district court committed a procedural error, such as improperly calculating the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

guidelines range or choosing a sentence based on erroneous factfinding. *United States v. Cedillo-Narvaez*, 761 F.3d 397, 401 (5th Cir. 2014). We review the district court's interpretation and application of the Sentencing Guidelines de novo and its findings of fact, such as loss amount, for clear error. *United States v. Glenn*, 931 F.3d 424, 430 (5th Cir.), *cert. denied*, 2019 WL 4923427 (U.S. Oct. 7, 2019) (No. 19-5670).

The applicable sentencing guideline for passport fraud offenses, U.S.S.G. § 2L2.2, contains a cross-reference instructing that a defendant who used a passport during the commission of a nonimmigration offense should have his guidelines offense level calculated by applying U.S.S.G. § 2X1.1 in respect to the other offense if it results in a greater offense level than the offense level under § 2L2.2. § 2L2.2(c)(1)(A). Section 2X1.1 instructs that the base offense level should be "[t]he base offense level from the guideline for the substantive offense, plus any adjustments from such guideline for any intended offense conduct that can be established with reasonable certainty." Because the guideline applicable to theft, receipt of stolen property, and fraud offenses, U.S.S.G. § 2B1.1, produced a higher offense level than § 2L2.2, the district court correctly used § 2B1.1 to determine Ayodele's offense level.

In doing so, the district court applied a 10-level enhancement under § 2B1.1(b)(1)(F) based on its finding that the loss amount was more than $150,000, but not more than $250,000. Ayodele argues that the district court should not have applied this enhancement because the actual loss amount was only $6,500. However, as the district court explained, "[t]he general rule is that the loss amount is the greater of actual or intended loss," and the district court correctly used the intended loss amount, not the actual loss amount. *United States v. Simpson*, 741 F.3d 539, 557 (5th Cir. 2014).

No. 18-20803

Ayodele also argues that the Government failed to prove the loss amount by a preponderance of the evidence, but he presented no evidence to rebut the factual information in the presentence report (PSR).  The information therein was "based on a law-enforcement investigation," and thus the PSR bears "sufficient indicia of reliability" for the district court to have properly relied upon it to determine the amount of intended loss.  *United States v. Dickerson*, 909 F.3d 118, 128 (5th Cir. 2018), *cert. denied*, 139 S. Ct. 2685 (2019).  "Without evidence that rebuts the PSR on the loss amount, [Ayodele's] mere speculation is insufficient to show that the PSR was unreliable or that the district court erred in adopting it."  *United States v. De Nieto*, 922 F.3d 669, 676 (5th Cir. 2019) (internal quotation marks and citation omitted).

Once we have determined that a sentence is procedurally reasonable, we generally review the substantive reasonableness of the district court's sentencing decision for abuse of discretion.  *Scott*, 821 F.3d at 567.  However, Ayodele did not object to his sentence as substantively unreasonable, and we review such unpreserved claims for plain error.  *Sealed Appellee v. Sealed Appellant*, 937 F.3d 392, 405 (5th Cir. 2019).  Ayodele's claim fails under either standard.

"[O]ur highly deferential review of within-Guidelines sentences . . . requires us to apply a baseline infer[ence] that the [district] judge has considered all the factors for a fair sentence set forth in the Guidelines."  *United States v. Becerril-Pena*, 714 F.3d 347, 350 (5th Cir. 2013) (internal quotation marks and citation omitted).  Ayodele's within-guidelines sentence is presumptively reasonable, and he can rebut this presumption only by demonstrating that his "sentence does not account for a [18 U.S.C. § 3553(a)] factor that should receive significant weight, gives significant weight to an irrelevant or improper factor, or represents a clear error of judgment in

No. 18-20803

balancing the sentencing factors." *United States v. Hernandez*, 876 F.3d 161, 166 (5th Cir. 2017).

Although Ayodele argues that a lower sentence was warranted due to his history and characteristics and the nature of the offense, "defendants relying on such factors essentially ask us to reweigh the sentencing factors, which is contrary to the presumption that within-Guidelines sentences are reasonable." *United States v. Martinez*, 921 F.3d 452, 483 (5th Cir. 2019) (internal quotation marks and citation omitted). Ayodele has not shown that his 24-month sentence was an abuse of discretion, much less a clear or obvious abuse of discretion amounting to plain error. *See United States v. Fuentes*, 906 F.3d 322, 325 (5th Cir. 2018), *cert. denied*, 139 S. Ct. 1363 (2019). As the district court imposed a sentence that is both procedurally and substantively reasonable, the judgment of the district court is AFFIRMED.