# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
February 27, 2020

Lyle W. Cayce
Clerk

No. 19-50424
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DOUGLAS HUBBARD YARBROUGH,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:09-CR-328-1

Before DAVIS, SMITH, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Douglas Hubbard Yarbrough appeals the 36-month sentence of imprisonment imposed following the revocation of his term of supervised release. He contends that the above-guidelines sentence is procedurally and substantively unreasonable.

Generally, we review revocation sentences under the plainly unreasonable standard, examining first for procedural error and then for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-50424

substantive reasonableness. *United States v. Warren*, 720 F.3d 321, 326 (5th Cir. 2013). However, where a district court was not put on notice of the arguments presented on appeal pertaining to a revocation sentence, plain error review applies. *United States v. Kippers*, 685 F.3d 491, 497 (5th Cir. 2012). Under the plain error standard, Yarbrough must show (1) an error (2) that is clear or obvious (3) and that affects his substantial rights. *United States v. Fuentes*, 906 F.3d 322, 325 (5th Cir. 2018), *cert. denied*, 139 S. Ct. 1363 (2019). "If he makes that showing, this court has the discretion to correct the error only if it seriously affect[s] the fairness, integrity[,] or public reputation of judicial proceedings." *Id.* (internal quotation marks and citation omitted).

The instant record reflects that the district court considered the properly calculated guidelines range, the statutory maximum sentence available, and Yarbrough's unwillingness to comply with the terms of his supervision. The record reflects that it implicitly considered the 18 U.S.C. § 3553(a) factors when it selected Yarbrough's sentence. *See Kippers*, 685 F.3d at 499. The record of the sentencing proceeding allows us to conduct a meaningful appellate review, and there is no suggestion in the record that a more thorough explanation would have resulted in a lower sentence. *See United States v. Whitelaw*, 580 F.3d 256, 262-64 (5th Cir. 2009). Moreover, nothing in the record suggests that the district court considered an improper factor or would impose a lighter sentence on remand. *See id.* at 264–65.

AFFIRMED.