**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 19-50969
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
May 28, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ROBERTO LUJAN, JR., also known as Robert Lujan, Jr.,

Defendant - Appellant

Consolidated w/ No. 19-50977

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ROBERTO LUJAN, JR.,

Defendant - Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 7:04-CR-47-1
USDC No. 7:11-CR-360-1

No. 19-50969
c/w No. 19-50977

Before BARKSDALE, HAYNES, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Roberto Lujan, Jr., challenges:  the concurrent, within-Sentencing Guidelines sentences of 24 months, imposed upon revocation of his supervised release, which was part of his sentence in 2005 for aiding and abetting the possession of heroin, with intent to distribute, and possession of a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 2, 21 U.S.C. § 841(a)(1), and 18 U.S.C. § 924(c); and, for a separate offense, the consecutive, below-Guidelines sentence of 24 months, imposed upon revocation of his supervised release, which was part of his sentence in 2012  for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  He contends the district court:  considered impermissible factors in determining these revocation sentences; and failed to explain the sentences adequately.

Regarding Lujan's sentencing challenges, "we review a sentence imposed on revocation of supervised release under a plainly unreasonable standard, in a two-step process".  *United States v. Warren*, 720 F.3d 321, 326 (5th Cir. 2013) (internal quotation marks and citation omitted).  "First, we ensure that the district court committed no significant procedural error, such as failing to consider the [18 U.S.C.] § 3553(a) [sentencing] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence . . . ."  *Id.* (internal quotation marks and citation omitted).  "If the district court's sentencing decision lacks procedural error, this court next considers the substantive reasonableness of the sentence imposed."  *Id.* (citation omitted).  "A sentence is substantively unreasonable if it (1) does not

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

account for a factor [under § 3553(a)] that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *Id.* at 332 (internal quotation marks and citation omitted). "If we find the sentence unreasonable, we may reverse the district court only if we further determine the error was obvious under existing law." *Id.* at 326 (internal quotation marks and citation omitted).

As he concedes, Lujan, however, did not raise these issues in district court; therefore, review is only for plain error. *E.g.*, *United States v. Fuentes*, 906 F.3d 322, 325 (5th Cir. 2018) (citations omitted), *cert. denied*, 139 S. Ct. 1363 (2019); *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, Lujan must show a forfeited plain error (clear or obvious error, rather than one subject to reasonable dispute) that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, we have the discretion to correct such reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.*

Concerning Lujan's claim that the court erred by failing adequately to explain the sentences imposed, a sentencing judge need only "set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority". *Rita v. United States*, 551 U.S. 338, 356 (2007) (citation omitted). If neither party has presented nonfrivolous reasons for imposing a different sentence, "sentences within the Guidelines require little explanation". *United States v. Mondragon-Santiago*, 564 F.3d 357, 362 (5th Cir. 2009) (internal quotation marks and citations omitted).

No. 19-50969
c/w No. 19-50977

Lujan presented little in the way of argument at sentencing, and the court clearly articulated its reliance on the Guidelines, as well as statutory sentencing factors, in determining his sentences. Lujan, therefore, has not shown the requisite plain (clear or obvious) error.

Regarding Lujan's claim that the court considered impermissible factors before imposing the sentences at issue, the court stated it had reviewed the policy statements in Chapter Seven of the Guidelines and the sentencing factors set forth in 18 U.S.C. § 3553(a). Lujan correctly notes that some § 3553(a) factors—namely, those listed in § 3553(a)(2)(A)—are not appropriate considerations in the revocation context. *United States v. Miller*, 634 F.3d 841, 844 (5th Cir. 2011) (citations omitted). We have held, however, "that a sentencing error occurs when an impermissible consideration is a dominant factor in the court's revocation sentence, but not when it is merely a secondary concern or an additional justification for the sentence". *United States v. Rivera*, 784 F.3d 1012, 1017 (5th Cir. 2015) (citation omitted). There is no indication a § 3553(a)(2)(A) factor played a dominant role here; and Lujan, therefore, fails to show the requisite plain (clear or obvious) error.

AFFIRMED.