# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 10, 2020

Lyle W. Cayce
Clerk

No. 19-30914
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

RAYMOND JOSEPH HAWTHORNE, JR., *also known as* TWEET,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:99-CR-60043-2

Before WIENER, SOUTHWICK, and DUNCAN, *Circuit Judges*.

PER CURIAM:*

Defendant-Appellant Raymond Joseph Hawthorne, Jr., challenges the within-guidelines 46-month prison sentence imposed following the revocation of his supervised release, which was based on disputed charges that he sold fentanyl.  This court generally reviews a revocation sentence

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

under the "plainly unreasonable" standard. *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011). Under that standard, this court first assesses whether the district court committed a "'significant procedural error.'" *United States v. Fuentes*, 906 F.3d 322, 325 (5th Cir. 2018) (quoting *United States v. Warren*, 720 F.3d 321, 326 (5th Cir. 2013)), *cert. denied*, 139 S. Ct. 1363 (2019). If the sentence is procedurally sound, this court reviews the substantive reasonableness of the sentence for an abuse of discretion, examining the totality of the circumstances. *Id.*

Hawthorne argues that his within-guidelines revocation sentence is procedurally unreasonable because the district court failed to provide an adequate explanation for the sentence imposed. Because he did not raise this issue in the district court, review is for plain error. *See Fuentes*, 906 F.3d at 325. To demonstrate plain error, Hawthorne must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

The record is clear that the district court listened to and considered the evidence and arguments presented at Hawthorne's revocation hearing, and that the district court's explanation of the chosen sentence was adequate. Thus, no clear or obvious error occurred. *See Puckett*, 556 U.S. at 135. Moreover, even if the district court's explanation constituted an error that was clear or obvious, Hawthorne has failed to show that the error affected his substantial rights. *See id.*; *United States v. Mondragon-Santiago*, 564 F.3d 357, 360-61, 365 (5th Cir. 2009).

Hawthorne also asserts that the district court erred in determining his revocation sentence by giving significant weight to an improper factor, viz, the need for the sentence imposed to reflect the seriousness of the offense.

No. 19-30914

He points to the court's statement that the sentence was based, in part, on the seriousness and dangerous nature of fentanyl. However, the record does not clearly or obviously show that this statement constituted improper reliance on the seriousness of the offense rather than proper factors such as deterrence or protecting the public, or that it was a dominant factor in the determination of Hawthorne's sentence. Thus, Hawthorne has not shown plain error. *See Puckett*, 556 U.S. at 135; *United States v. Sanchez*, 900 F.3d 678, 683-85 & n.5 (5th Cir. 2018).

Lastly, Hawthorne contends that his within-guidelines 46-month prison sentence is substantively unreasonable because it does not account sufficiently for Hawthorne's medical mitigating factors. Hawthorne's arguments on appeal are nothing more than a disagreement with the district court's weighing of the applicable 18 U.S.C. § 3553(a) factors, which is insufficient to rebut the presumption of reasonableness attached to his within-guidelines revocation sentence. *See United States v. Badgett*, 957 F.3d 536, 541 (5th Cir. 2020).

The judgment of the district court is AFFIRMED.