# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 1, 2020

Lyle W. Cayce
Clerk

No. 20-60152
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

RICHARD B. LUCAS,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:06-CR-1-1

Before DAVIS, STEWART, and DENNIS, *Circuit Judges*.

PER CURIAM:*

Richard B. Lucas was convicted of one count of conspiring to commit wire fraud, nine counts of wire fraud, and one count of conspiring to commit money laundering. The district court imposed concurrent sentences for the offenses, which resulted in a total term of 168 months of imprisonment and

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-60152

five years of supervised release.  It also ordered Lucas to pay a $1,100 special assessment and $1,326,737.40 in restitution, due in monthly installments of $1,500, beginning 30 days after Lucas's release from prison.  Lucas began serving his term of supervised release on November 2, 2018.

In 2019, the district court revoked Lucas's supervised release for failing to comply with conditions of his release requiring him to pay the financial obligations arising from his special assessment and order of restitution.  It sentenced him to four months of imprisonment for each of his counts of conviction, to run concurrently, with 32 months of supervision to follow as to each count, also to run concurrently.

Lucas appeals that decision.  He argues that the district court violated his due process rights as set forth in *Bearden v. Georgia*, 461 U.S. 660, 672-73 (1983), and imposed a plainly unreasonable sentence by ordering a term of imprisonment without first ascertaining whether he willfully refused to pay or failed to make sufficient bona fide efforts to acquire the resources to pay his special assessment and restitution.  Because Lucas did not raise his arguments in the district court, review is only for plain error.  *See Puckett v. United States*, 556 U.S. 129, 135-36 (2009).

Contrary to Lucas's assertions, the district court's inquiry was not insufficient to meet the requirements in *Bearden*, 461 U.S. at 672-73.  The district court gave Lucas several opportunities at his revocation hearings to explain why he had not met his payment obligations.  After hearing testimony suggesting that Lucas purposefully remained underemployed, it implicitly concluded that Lucas had willfully failed to make sufficient bona fide efforts legally to acquire the resources to pay his obligations.  That conclusion is not clearly erroneous in light of the record as a whole.  *See id.* at 668.  The district court did not violate Lucas's due process rights or impose a plainly unreasonable sentence when it sentenced Lucas to a term of imprisonment.

No. 20-60152

*See id*. at 672-73; *United States v. Winding*, 817 F.3d 910, 913-14 (5th Cir. 2016). Lucas has not shown error, much less "clear or obvious error" on the part of the district court. *See Puckett*, 556 U.S. at 135; *United States v. Fuentes*, 906 F.3d 322, 325 (5th Cir. 2018).

The district court's judgment is AFFIRMED.