# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 18, 2020

Lyle W. Cayce
Clerk

No. 20-50236
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

EBONE JAZMINE MCAFEE, *also known as* JAZZY, *also known as* EBONE JASMINE MCAFEE,

*Defendant—Appellant*,

CONSOLIDATED WITH

No. 20-50238

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

EBONE JAZMINE MCAFEE, *also known as* JAZZY,

*Defendant—Appellant*.

No. 20-50236
c/w No. 20-50238

Appeals from the United States District Court
for the Western District of Texas
USDC No. 7:16-CR-162-1
USDC No. 7:11-CR-330-1

Before JOLLY, ELROD, and GRAVES, *Circuit Judges.*

PER CURIAM:*

Ebone Jazmine McAfee appeals the sentences imposed on revocation of her terms of supervised release pertaining to a 2012 conviction for conspiracy to distribute and possess with intent to distribute cocaine base and a 2016 conviction for distribution of cocaine base. At a combined revocation hearing, the district court revoked supervised release and sentenced McAfee to 24 months in prison in each case with the sentences to run concurrently. Both sentences were above the applicable advisory range but not above the statutory maximum term of imprisonment. No further term of supervised release was ordered.

Generally, this court reviews a revocation sentence under the "plainly unreasonable" standard. *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011). Under that standard, this court first assesses whether the district court committed a "'significant procedural error.'" *United States v. Fuentes*, 906 F.3d 322, 325 (5th Cir. 2018) (quoting *United States v. Warren*, 720 F.3d 321, 326 (5th Cir. 2013)). If the sentence is procedurally sound, this court reviews the substantive reasonableness of the sentence for an abuse of discretion, examining the totality of the circumstances. *Id.*

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-50236
c/w No. 20-50238

McAfee argues that the revocation sentences were substantively unreasonable because the district court gave significant weight to an irrelevant or improper factor when upwardly departing and because the court did not account for factors that should have received significant weight. Because she did not raise these arguments in the district court, review is for plain error. *See Fuentes*, 906 F.3d at 325. To demonstrate plain error, McAfee must show a forfeited error that is clear or obvious and that affects her substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If she makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

The record does not clearly or obviously show that the district court gave significant weight to an irrelevant or improper factor or failed to account for factors that should have received significant weight. *See Warren*, 720 F.3d at 332. The district court explained that it had reviewed the policy statements contained in the Sentencing Guidelines and the applicable 18 U.S.C. § 3553(a) factors. The district court properly relied on the need to deter criminal conduct, the need to protect the public from further crimes, and the history and characteristics of the defendant when sentencing McAfee. Furthermore, the district court was allowed to impose any sentence within the appropriate statutory maximum term of imprisonment. *See* 18 U.S.C. § 3583(e)(3); *Warren*, 720 F.3d at 332. Thus, the district court did not plainly err in imposing the revocation sentences. *See Puckett*, 556 U.S. at 135. The judgments of the district court are AFFIRMED.