# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 18, 2021

Lyle W. Cayce
Clerk

No. 20-30586
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

NOBRYAN MCGEE,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:12-CR-292-1

Before HAYNES, WILLETT, and HO, *Circuit Judges*.

PER CURIAM:*

Nobryan McGee's 2013 sentence for failing to register pursuant to the Sex Offender Registration and Notification Act included a lifetime term of supervised release. His supervised release now having been revoked, he

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

contends that the 24-month revocation sentence, which exceeds the guidelines range of five to 11 months, is substantively unreasonable.

We review McGee's revocation sentence to determine whether it is "plainly unreasonable." *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011). We review the substantive reasonableness of the sentence for an abuse of discretion, examining the totality of the circumstances. *United States v. Fuentes*, 906 F.3d 322, 325 (5th Cir. 2018). "A revocation sentence is substantively unreasonable if it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Badgett*, 957 F.3d 536, 541 (5th Cir.) (internal quotation marks and citation omitted), *cert. denied*, 141 S. Ct. 827 (2020). "If a sentence is unreasonable, then we consider whether the error was obvious under existing law." *Miller*, 634 F.3d at 843.

In addition to the applicable guidelines range, the district court based the sentence, either explicitly or implicitly, upon several other 18 U.S.C. § 3553(a) factors, including McGee's history and characteristics as a sex offender, the need to deter him from future violations, and the need to protect the public from his further crimes. *See* § 3553(a)(1), (2)(B)-(C), and (4)(B). McGee's argument that the district court should have afforded the guidelines range more weight amounts to nothing more than a disagreement with the district court's balancing of the applicable § 3553(a) factors, which we will not reweigh. *See United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013). Nor does the extent of the upward variance constitute an abuse of discretion. *See, e.g., United States v. Kippers*, 685 F.3d 491, 500-01 (5th Cir. 2012). McGee fails to show that his revocation sentence is plainly unreasonable. *See Miller*, 634 F.3d at 843.

AFFIRMED.