# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 2, 2021

Lyle W. Cayce
Clerk

No. 20-10973
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Walter Manuel Marques-Mejia,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:19-CR-661-1

Before Wiener, Southwick, and Duncan, *Circuit Judges*.

Per Curiam:*

Defendant-Appellant Walter Manuel Marques-Mejia was convicted of one count of illegal reentry into the United States under 8 U.S.C. § 1326(a) and (b)(1) and sentenced to serve an above-guidelines prison term of 60 months as well as a three-year term of supervised release. He argues that his

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

sentence is procedurally unreasonable because the district court did not explicitly address his plea for a within-guidelines sentence and did not adequately explain the choice to give an above-guidelines sentence. He further argues that the sentence is substantively unreasonable because it was greater than needed to achieve the sentencing aims of 18 U.S.C. § 3553(a). Finally, he contends that § 1326(b) is unconstitutional, but acknowledges that his argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998).

We review sentences for reasonableness in light of the sentencing factors set forth in § 3553(a). *Gall v. United States*, 552 U.S. 38, 46, 49-50 (2007). Where an issue has not been preserved, however, we review only for plain error. *United States v. Fuentes*, 906 F.3d 322, 325 (5th Cir. 2018). Under the bifurcated review process of *Gall*, we first examine whether the district court committed procedural error. 552 U.S. at 51. When sentencing, a judge should give enough reasons to show "that [he or she] has considered the parties' arguments and has a reasoned basis for exercising [his or her] own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007).

If the sentence is procedurally reasonable, we review it for substantive reasonableness in light of the § 3553(a) factors. *Gall*, 552 U.S. at 51. In reviewing a non-guidelines sentence for substantive reasonableness, we "consider the totality of the circumstances, including the extent of any variance from the Guidelines range." *United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008) (internal quotation marks and citation omitted). A sentence is substantively unreasonable if it ignores a factor that should have been given considerable weight, gives considerable weight to an improper factor, or is the result of "a clear error of judgment in balancing the sentencing factors." *United States v. Chandler*, 732 F.3d 434, 437 (5th Cir. 2013) (internal quotation and citations omitted). Alone, the defendant's

disagreement with the sentence selected by the district court does not warrant reversal. *United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010); *see Gall*, 552 U.S. at 51.

Marquez-Mejia did not raise his challenge to procedural reasonableness in the district court. We review that argument for plain error. *See Fuentes*, 906 F.3d at 325.

The record shows that the district court gave due consideration to the § 3553(a) factors, including those emphasized by Marques-Mejia, before imposing sentence. The court did not explicitly reject his arguments in favor of a within-guidelines sentence, but it was not required to do so. *See Rita*, 551 U.S. at 359. Additionally, the district court's reasons show that it properly grounded its choice of sentence in Marques-Mejia's criminal history as well as the need for deterrence and protection of the public. Marques-Mejia has not shown that his sentence is procedurally unreasonable. *See Rita*, 551 U.S. at 359, 356; *United States v. Fraga*, 704 F.3d 432, 439 (5th Cir. 2011).

He likewise has not shown that his sentence is substantively unreasonable. The record reveals no error in the district court's consideration of sentencing factors. *See Chandler*, 732 F.3d at 437. Rather, the record shows that the district court considered the § 3553(a) factors and concluded that they favor an above-guidelines sentence. Additionally, the sentence is similar to others this court has affirmed. *See Brantley*, 537 F.3d at 349-50; *United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008); *United States v. Smith*, 440 F.3d 704, 708-10 (5th Cir. 2006). Marques-Mejia's contentions show no more than a disagreement with the district court's weighing of the § 3553(a) factors, which is not enough to show error. *See Ruiz*, 621 F.3d 390, 398.

No. 20-10973

Finally, Marquez-Mejia's challenge to 8 U.S.C. § 1326(b), which is grounded in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998).

AFFIRMED.