# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 3, 2022

Lyle W. Cayce
Clerk

No. 21-10828
Summary Calendar

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

David Earl Kates,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:97-CR-42-1

_____

Before Southwick, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:[*]

David Earl Kates, federal prisoner # 30428-077, was convicted by a jury of possessing with the intent to distribute cocaine base and his sentence included a term of supervised release.  Now that his supervised release has

_____

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

been revoked, he contends that the within-guidelines 11-month revocation sentence is substantively unreasonable.

Kates specifically concedes that the revocation sentence was not illegal and was not the result of an error in the guidelines calculations. Instead, he argues that the current sentence is substantively unreasonable because the district court did not consider that the total sentence imposed for the 1997 offense was much greater than if the offense were committed today because he would no longer be considered a career offender.

We review Kates's revocation sentence to determine whether it is "plainly unreasonable." *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011). We review the substantive reasonableness of the sentence for an abuse of discretion, examining the totality of the circumstances. *United States v. Fuentes*, 906 F.3d 322, 325 (5th Cir. 2018). "A revocation sentence is substantively unreasonable if it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Badgett*, 957 F.3d 536, 541 (5th Cir.) (internal quotation marks and citation omitted), *cert. denied*, 141 S. Ct. 827 (2020). "If a sentence is unreasonable, then we consider whether the error was obvious under existing law." *Miller*, 634 F.3d at 843.

Kates fails to make such a showing and fails to show that his revocation sentence is plainly unreasonable.

AFFIRMED.