# United States Court of Appeals for the Fifth Circuit

---

No. 22-50225
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
October 25, 2022

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Phillip Mechele Whiteside,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:15-CR-760-1

---

Before Smith, Dennis, and Southwick, *Circuit Judges*.

Per Curiam:*

The district court revoked Phillip Mechele Whiteside's supervised release and sentenced him to 24 months in prison, the maximum under the policy statement range, and 15 years of supervised release. On appeal, Whiteside argues his prison sentence is unreasonable because the district

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

court lengthened it to promote his alcohol abuse treatment in violation of *Tapia v. United States*, 564 U.S. 319 (2011).

"When a defendant properly preserves an objection for appeal, revocation sentences are reviewed under a plainly unreasonable standard." *United States v. Fuentes*, 906 F.3d 322, 325 (5th Cir. 2018) (quotation marks and citations omitted). If, however, the error was not preserved, we will review for plain error. *See id.* In this case, we need not decide the standard of review because Whiteside would not prevail under either standard. *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008).

In *Tapia*, the Supreme Court concluded that 18 U.S.C. § 3582(a) "precludes sentencing courts from imposing or lengthening a prison term to promote an offender's rehabilitation." *Tapia*, 564 U.S. at 332. The Supreme Court recognized, however, that sentencing courts are allowed to take an offender's rehabilitation needs into account in imposing supervised release. *Id.* at 330; *see also* 18 U.S.C. § 3583(c)-(d).

Contrary to Whiteside's assertions, the district court did not lengthen his prison term to promote his alcohol abuse treatment. *See Tapia*, 564 U.S. at 332. Instead, the district court explained that the prison sentence was based on Whiteside's criminal history and his repeated failure to follow the conditions of his supervised release, which had resulted in four revocations with this latest revocation. Although the district court discussed Whiteside's alcohol problems and his need for treatment, that commentary arose in the context of the district court's imposition of the supervised release conditions, not the prison sentence.

The district court's judgment is AFFIRMED.