# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 1, 2024

Lyle W. Cayce
Clerk

————————

No. 23-60396
Summary Calendar

————————

United States of America,

*Plaintiff—Appellee*,

*versus*

James E. Homan,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:15-CR-62-1

———————————————————

Before Wiener, Stewart, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Defendant-Appellant James E. Homan appeals his sentence of twelve months of imprisonment that the district court imposed when it revoked his term of supervised release. He contends that his sentence is procedurally unreasonable because (1) the district court failed to adequately explain the

———————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

sentence, and (2) the denial of his request for a sentence of one year and one day was based on a factual finding without evidentiary support.

Homan did not object to the adequacy of reasons for the sentence in the district court, so our review is limited to plain error. *See United States v. Fuentes*, 906 F.3d 322, 325 (5th Cir. 2018). A sentence is plainly erroneous only if it is "clear or obvious" that its imposition was an abuse of discretion. *Id.* A sentencing judge's explanation of a sentence may be brief as long as the record indicates that the judge listened to the parties' arguments, considered the supporting evidence, and was aware of the defendant's circumstances. *Rita v. United States*, 551 U.S. 338, 358 (2007).

Before imposing Homan's twelve-month sentence, the district court considered the advisory range of six to twelve months of imprisonment, the relevant sentencing factors, and the policy statement at U.S.S.G. § 7B1.4(a). The court expressly acknowledged that it took into account the nature and circumstances of Homan's offense, his history and characteristics, and the need to protect the public. As this is sufficient explanation, the sentencing court did not commit plain error. *See Rita*, 551 U.S. at 356.

Homan also argues that the district court's decision denying his request for a sentence of one year and one day was procedurally unreasonable because the court relied on facts and evidence outside the record. This argument was preserved, so we apply the plainly-unreasonable standard, under which Homan must demonstrate a "significant procedural error" like "selecting a sentence based on clearly erroneous facts." *See Fuentes*, 906 F.3d at 325; *United States v. Warren*, 720 F.3d 321, 330-31 (5th Cir. 2013) (holding that it is the defendant's burden to show that the sentencing court relied on "materially untrue information").

Homan contends that the district court erroneously relied on his prison disciplinary history in rejecting his requested sentence. The probation

officer stated on the record at the revocation hearing that Homan had disciplinary violations when he had been incarcerated previously. However, Homan does not contend that he in fact received no violations, making the probation officer's representation "materially untrue." *See Warren*, 720 F.3d at 331. Homan has thus failed to demonstrate that the district court acted unreasonably in denying his request by considering "clearly erroneous facts." *See Fuentes*, 906 F.3d at 325.

Based on the foregoing, the judgment of the district court is AFFIRMED.