# United States Court of Appeals for the Fifth Circuit

———————

No. 23-10605
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
February 23, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Alcario Ramirez,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:14-CR-208-7

———————————————————

Before Barksdale, Graves, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Alcario Ramirez contests his 24-months'-imprisonment sentence imposed after his term of supervised release was revoked. He contends his sentence is procedurally and substantively unreasonable.

Regarding his procedural contentions, he maintains the district court *plainly* erred by:  failing to consider the relevant 18 U.S.C. § 3553(a)

———————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

sentencing factors; and failing to adequately explain its imposed sentence. He asserts his sentence is substantively unreasonable because the court: clearly erred in its balancing of the sentencing factors; and may have considered an improper factor.

Usually, our court reviews a challenge to a revocation sentence under a plainly-unreasonable standard. *E.g.*, *United States v. Fuentes*, 906 F.3d 322, 325 (5th Cir. 2018) (explaining standard). Because Ramirez did not raise these issues in district court, however, review is only for plain error. *E.g.*, *United States v. Whitelaw*, 580 F.3d 256, 259 (5th Cir. 2009). (Along that line, and as reflected above, Ramirez concedes the issues were not raised in district court for the procedural challenge, but contends they were for the substantive-reasonable issues. We disagree with his latter assertion.) Under that standard, Ramirez must show a forfeited plain error (clear-or-obvious error, rather than one subject to reasonable dispute) that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, we have the discretion to correct the reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.* (citation omitted).

Regarding his procedural contentions, the court's statement may be brief, but it is sufficient where the record shows the sentencing judge: listened to the parties' contentions; considered the supporting evidence; and was aware of defendant's circumstances. *See Rita v. United States*, 551 U.S. 338, 358–59 (2007) ("[C]ontext and the record make clear that this, or similar, reasoning underlies the judge's conclusion".). Moreover, "[i]mplicit consideration of the § 3553 factors is sufficient". *United States v. Teran*, 98 F.3d 831, 836 (5th Cir. 1996).

Although the district court did not explicitly state it had considered the 18 U.S.C. § 3553(a) sentencing factors or explain its choice of sentence,

the record shows the court implicitly considered the relevant § 3553(a) sentencing factors and provided sufficient explanation to allow for meaningful appellate review.  Before imposing the 24-month sentence, the district court adopted the statements in the supervised-release petition and stated it had considered all the evidence and consulted the policy statement.  *See, e.g.*, *United States v. Izaguirre-Losoya*, 219 F.3d 437, 440–42 (5th Cir. 2000) ("[T]he district court was advised of [the § 3553(a)] factors by the [presentence investigation report] and by the arguments of defense counsel.  Absent a contrary indication in the record, such evidence implies that the district court was aware of and considered the § 3553(a) factors." (footnote omitted)).  Further, the court imposed the sentence following Ramirez and his attorney's discussing the nature and circumstances of Ramirez' supervised-release violations and his history and characteristics.  Accordingly, Ramirez fails to show, *inter alia*, the requisite clear-or-obvious error.  *E.g.*, *Whitelaw*, 580 F.3d at 259.

Regarding his substantive-reasonableness contentions, Ramirez asserts the court could not have properly balanced the 18 U.S.C. § 3553(a) sentencing factors because there is nothing in the record suggesting the court considered them.  Nevertheless, as discussed *supra*, the record shows the court implicitly considered those factors, namely the nature and circumstances of Ramirez' supervised-release violations and his history and characteristics.  Further, to the extent Ramirez contends his sentence is unreasonable because it is three times longer than his initial revocation sentence, our court routinely upholds revocation sentences exceeding the recommended Guidelines sentencing range, even where the sentence is the statutory maximum.  *See, e.g.*, *United States v. Kippers*, 685 F.3d 491, 500–01 (5th Cir. 2012) (rejecting similar assertion under less-deferential, abuse-of-discretion review).

No. 23-10605

Finally, Ramirez asserts the court may have imposed the 24-months' sentence for the improper purpose of promoting respect for the law and providing just punishment. There is, however, nothing "in the record to plausibly suggest that the district court based its sentence on the need for retribution". *See United States v. Sanchez*, 900 F.3d 678, 685 (5th Cir. 2018).

AFFIRMED.