**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 24, 2009

Charles R. Fulbruge III
Clerk

No. 08-10018

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

KENNETH LEE WILLIS

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas, Dallas Division

Before JOLLY, SMITH, and OWEN, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

In 1998, the government charged Kenneth Lee Willis with two counts of being a felon in possession of a firearm. The two counts were premised on Willis's simultaneous possession of two firearms and were, therefore, multiplicitous in violation of the Fifth Amendment's prohibition against double jeopardy. Willis, however, did not object to the indictment. He was tried and convicted on both counts, and was sentenced to two terms of imprisonment and two terms of supervised release, all to run concurrently.

Following his convictions, Willis filed an unsuccessful direct appeal and later two unsuccessful motions to vacate judgment under 28 U.S.C. § 2255. In each of those proceedings, Willis failed to raise the multiplicity of his convictions.

There is no question – indeed it is conceded by the government – but that the second underlying conviction was multiplicitous and therefore unconstitutional. *See, e.g., United States v. Berry*, 977 F.2d 915, 918-20 (5th Cir. 1992) (indictment charging three counts of unlawful possession of a firearm, premised on the simultaneous possession of three firearms, was multiplicitous). Had Willis raised the error, his second sentence would have been vacated. *Id.* at 920 (multiplicitous convictions will not be affirmed on the ground that their sentences run concurrently and defendant who waives opportunity to challenge multiplicitous conviction may nonetheless challenge multiplicitous sentence).

Willis served his sentences concurrently and was released in 2007. After he violated the conditions of his release, his two terms of supervised release were revoked. At his revocation hearing, Willis, for the first time in any proceeding, pointed out that the two underlying convictions were multiplicitous and asked that the sentencing judge impose a new sentence for only one revoked term of supervised release. The sentencing judge instead imposed a new sentence of incarceration of 24 months on each term of supervised release, this time to run consecutively.

Willis now appeals the second of the two revocation sentences as unreasonable, on the ground that it is multiplicitous.

The government is correct that, although there is no question the underlying convictions were multiplicitous, Willis may not challenge those underlying convictions in this appeal. It is by now well-established that a defendant may not use the appeal of a revocation of supervised release to challenge an underlying conviction or original sentence. *United States v. Hinson*, 429 F.3d 114, 116 (5th Cir. 2005) (may not challenge original sentence); *United States v. Moody*, 277 F.3d 719, 721 (5th Cir. 2001) (may not challenge indictment or drug quantity used at sentencing); *United States v. Francischine*, 512 F.2d 827, 828 (5th Cir. 1975) (may not challenge underlying conviction).

Here, however, Willis does not challenge the validity of his two underlying convictions. Indeed, he has already served the two original terms of imprisonment. His appeal does not seek to disturb either the multiplicitous underlying conviction or the multiplicitous original sentence. Instead, he challenges the *reasonableness* of the second revocation sentence.

"[A]ppellate review of sentencing decisions is limited to determining whether they are 'reasonable.'" *Gall v. United States*, 552 U.S. — , 128 S.Ct. 586, 594 (2007). This court has yet to decide whether to subject revocation sentences to the "unreasonable" or the "plainly unreasonable" standard of review. *See United States v. McKinney*, 520 F.3d 425, 428 (5th Cir. 2008). We need not resolve that issue here because, for the reason we explain, the second revocation sentence in this case fails even the more exacting "plainly unreasonable" standard of review.

There is no question but that the second revocation sentence is multiplicitous in its own right.[1] We do not hold, however, that the second revocation sentence is not a legal sentence. That revocation sentence stems from one of the two original sentences; that original sentence, which Willis has already served, remains undisturbed and therefore legal. If the original sentence is legal, then the revocation sentence, which depends upon it, is also legal. Our opinion does not question the revocation sentence's legality.

We question instead the mere *fact* of the second revocation sentence, which would require that Willis serve two revocation sentences, *consecutively*, as a penalty for what all parties now agree was only one offense. The second revocation sentence would therefore have the practical effect of incarcerating Willis for an additional twenty-four months. We especially note that the original

---

[1] Case law acknowledges that a sentence may be multiplicitous in it own right. *See Berry*, 977 F.2d at 920 (defendant who waives opportunity to challenge multiplicitous conviction may nonetheless challenge multiplicitous sentence).

sentence, including the term of supervised release, was imposed to run concurrently. The fact of its multiplicity, although legal, is, under all circumstances present, plainly unreasonable.

We view our holding in this case to be a narrow one. We hold only that Willis's revocation sentence, which would require that he actually serve, *i.e.*, consecutively serve, two or more sentences as a penalty for a single offense, is plainly unreasonable. We limit the precedential value of our holding to cases presenting indistinguishable facts in all material respects.

Finally, Willis also claims the district court violated his right to allocute before his sentence was pronounced. *See* FED. R. CRIM. P. 32(i)(4)(A)(ii) (defendant must have opportunity to speak before sentence is imposed). Because Willis did not object at the revocation hearing, we review for plain error only. *United States v. Reyna*, 358 F.3d 344, 350 (5th Cir. 2004) (en banc). The revocation hearing transcript reveals that in fact the district court twice invited Willis to speak. Initially, Willis told the court he had nothing to say; later, he said only that the allegations against him were not true. The district court did not deny Willis his right to allocute; therefore, we find no plain error.

Accordingly, for the reasons stated herein, Willis's first revocation sentence is AFFIRMED. His second revocation sentence is VACATED.