UNITED STATES of America,
Plaintiff–Appellee

v.

Ronald LELEAUX, Defendant–
Appellant.

No. 09–30280
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Feb. 12, 2010.

Cristina Walker, Assistant U.S. Attorney, Earl M. Campbell, U.S. Attorney's Office, Western District of Louisiana, Shreveport, LA, Donald W. Washington, U.S. Attorney's Office, Western District of Louisiana, Lafayette, LA, for Plaintiff–Appellee.

Douglas Lee Harville, Harville Law Firm, Shreveport, LA, for Defendant–Appellant.

Before GARZA, DENNIS, and ELROD, Circuit Judges.

PER CURIAM: *

The attorney appointed to represent Ronald Leleaux has moved for leave to

---

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be

withdraw and has filed a brief in accordance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Leleaux has filed a response.

"This Court must examine the basis of its jurisdiction, on its own motion, if necessary." *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir.1987). Article III, section 2, of the Constitution limits federal court jurisdiction to actual cases and controversies. *Spencer v. Kemna*, 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998). The case-or-controversy requirement demands that "some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained." *Id.* at 7, 118 S.Ct. 978.

Upon revoking his supervised release, the district court sentenced Leleaux to one year and one day of imprisonment, but the court did not impose any additional term of supervised release. During the pendency of this appeal, Leleaux completed his term of imprisonment. Accordingly, there is no case or controversy for us to address.

Although Leleaux argues that his underlying 18 U.S.C. § 922(g)(9) conviction was invalid because of a subsequent expungement of the predicate offense, he cannot use his appeal of the revocation of his supervised release to challenge the underlying conviction. *See United States v. Willis*, 563 F.3d 168, 170 (5th Cir.), *cert. denied*, 528 U.S. 976, 120 S.Ct. 425, 145 L.Ed.2d 332 (1999).

For the foregoing reasons, this appeal is DISMISSED as moot, and counsel's motion to withdraw is DENIED as unnecessary.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be

published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.