# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 12, 2010

No. 09-30280
Conference Calendar

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RONALD LELEAUX,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:08-CR-315-1

Before GARZA, DENNIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

The attorney appointed to represent Ronald Leleaux has moved for leave to withdraw and has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967).  Leleaux has filed a response.

"This Court must examine the basis of its jurisdiction, on its own motion, if necessary." *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987).  Article III, section 2, of the Constitution limits federal court jurisdiction to actual cases and controversies.  *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).  The case-or-controversy

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

requirement demands that "some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained." *Id.* at 7.

Upon revoking his supervised release, the district court sentenced Leleaux to one year and one day of imprisonment, but the court did not impose any additional term of supervised release. During the pendency of this appeal, Leleaux completed his term of imprisonment. Accordingly, there is no case or controversy for us to address.

Although Leleaux argues that his underlying 18 U.S.C. § 922(g)(9) conviction was invalid because of a subsequent expungement of the predicate offense, he cannot use his appeal of the revocation of his supervised release to challenge the underlying conviction. *See United States v. Willis*, 563 F.3d 168, 170 (5th Cir.), *cert. denied*, 528 U.S. 976 (2009).

For the foregoing reasons, this appeal is DISMISSED as moot, and counsel's motion to withdraw is DENIED as unnecessary.