# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 29, 2013

No. 12-40987
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARCELO MUNOZ-GUERRERO,

Defendant-Appellant

........................................................................

Consolidated with No. 12-41020

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

MARCELO MUNOZ-GUERRERO, also known as Francisco Hernandez,

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 5:12-CR-377-1

Before JONES, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:*

Marcelo Munoz-Guerrero (Munoz) pleaded guilty to being found in the United States illegally after deportation and was sentenced to 51 months in prison and three years of supervised release. This conviction triggered the revocation of his supervised release on an earlier conviction for illegal re-entry. Munoz pleaded true to two violations of the conditions of his supervised release. The district court sentenced him to 24 months in prison on one violation and to 13 months on the other, to be served concurrently with each other and consecutive to the 51-month sentence imposed for the new illegal reentry conviction. Munoz timely noticed his appeal in each case, now consolidated before this court.

The Government's motion for summary affirmance is DENIED. Its alternative motion for an extension of time within which to file a brief is DENIED as unnecessary as the arguments are adequately addressed in the Government's motion and Munoz's brief.

Munoz challenges the 51-month sentence for the illegal reentry conviction in Case No. 12-40987. He argues that the district court plainly erred in imposing a 12-level enhancement for committing a crime of violence, pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii). He argues that his prior Texas burglary of a dwelling with intent to commit theft was not a crime of violence because Texas law too broadly defines the "owner" of a habitation as a person with merely "greater right to possession" than the criminal actor. We review only for plain error because the issue is raised for the first time on appeal. *See United States v. Ramirez*, 557 F.3d 200, 205 (5th Cir. 2009).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We recently rejected the same argument in *United States v. Morales–Mota*, 704 F.3d 410, 412 (5th Cir. 2013) (affirming a 16–level sentencing enhancement under § 2L1.2(b)(1)(A)(ii) based on a Texas conviction for burglary of a habitation under § 30.02(a)).  Accordingly, the district court's application of the 12-level enhancement was not error, plain or otherwise.  The judgment in Case No. 12-40987 is AFFIRMED.

Munoz also appeals the revocation sentences imposed in Case No. 12-41020, arguing that, in light of the district court's error in applying the 12-level enhancement, the revocation sentences are plainly unreasonable.  Because Munoz did not object to the reasonableness of his revocation sentences in the district court, our review is for plain error.  *See United States v. Whitelaw*, 580 F.3d 256, 259-60 (5th Cir. 2009).  Revocation sentences that are within the sentencing range determined under the applicable Sentencing Guidelines policy statements are presumptively reasonable.  *United States v. Lopez-Velasquez*, 526 F.3d 804, 809 (5th Cir. 2008).

To the extent his argument is premised on a finding that the district court erred in finding that Munoz's prior conviction was a crime of violence, this argument necessarily fails.  Even assuming arguendo that a 16-level crime of violence enhancement was improperly applied to his 2006 sentence, Munoz does not cite any authority for his assertion that this is a factor that the district court should have considered in determining his revocation sentence.  Indeed, Munoz's argument is not supported by the relevant statutes or the Sentencing Guidelines.  *See* 18 U.S.C. § 3583(e)(3); U.S.S.G. § 7B1.4(a), p.s.; § 7B1.1, p.s.  Moreover, Munoz may not use his appeal of his revocation sentences to challenge the underlying sentence.  *See United States v. Willis*, 563 F.3d 168, 170 (5th Cir. 2009).

Munoz has not shown that the district court plainly erred in determining the revocation sentences, *see Whitelaw*, 580 F.3d at 259-60, and he has not rebutted the presumption that his revocation sentences are substantively

reasonable, *see Lopez-Velasquez*, 526 F.3d at 809. Accordingly, the judgment in Case No. 12-41020 is AFFIRMED.