# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 7, 2013

Lyle W. Cayce
Clerk

No. 12-20764
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE DOLORES OSORTO GONZALEZ, also known as Jose D. Osorto, also known as Jose Delores Osorto, also known as Jose Dolores Osorto-Gonzalez,

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CR-438-1

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Jose Dolores Osorto Gonzalez appeals the revocation of his supervised release and resulting 12-month sentence. He now argues, for the first time, that his revocation is invalid because the term of supervised release originally imposed is invalid. Specifically, he contends that ordering deportable aliens such as himself to serve a term of supervised release is unconstitutional. He alternatively argues that the district court failed specifically to pronounce at

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

resentencing the special condition of supervised release that he not again reenter the United States illegally and that such failure to pronounce a special condition orally renders the prior judgment of supervised release void.

Gonzalez may not now challenge the validity of his underlying sentence of supervised release on appeal from the revocation of supervised release. *See United States v. Willis*, 563 F.3d 168, 170 (5th Cir. 2009) ("It is by now well-established that a defendant may not use the appeal of a revocation of supervised release to challenge an underlying conviction or original sentence."); *United States v. Hinson*, 429 F.3d 114, 116 (5th Cir. 2005) ("Hinson may not . . . use an appeal of the revocation of her supervised release to attack her original sentence directly or collaterally in this proceeding."). Consequently, the arguments Gonzalez presents are to no avail. He has failed to show any error in connection with his revocation proceedings, and the district court's revocation judgment is therefore AFFIRMED.