# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10589
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 6, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ARCHIE DALE GOODMAN,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:12-CR-14-2

Before JOLLY, BARKSDALE, and OWEN, Circuit Judges:

PER CURIAM:[*]

Archie Dale Goodman challenges his sentence of, *inter alia*, 17 months' imprisonment, imposed following the revocation of his supervised release. Because Goodman did not object to the following claimed errors, review is only for plain error. *E.g., United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, Goodman must show a forfeited plain (clear or obvious) error that affected his substantial rights. *Puckett v. United States*,

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 14-10589

556 U.S. 129, 135 (2009).  If he does so, we have the discretion to correct the error, but should do so only if it seriously affects the fairness, integrity, or public reputation of the proceedings.  *Id.*

Goodman claims:  the district court erred in failing to provide an adequate explanation for imposing the sentence, which was above the range recommended in the non-binding Sentencing Guidelines policy statements; and this claimed error affected his substantial rights because the sentence was based on a miscalculation in his criminal-history score for his underlying possession-of-stolen-mail conviction.  For the following reasons, there was no reversible plain error.

Implicit consideration of the 18 U.S.C. § 3553(a) factors is sufficient in a revocation proceeding.  *E.g., United States v. Gonzalez*, 250 F.3d 923, 930 (5th Cir. 2001).  Moreover, the district court stated that Goodman's sentence addresses the issues of adequate deterrence and protection of the public, two of the § 3553(a) factors that are permissible considerations in a revocation proceeding.  18 U.S.C. § 3553(a)(2)(B),(C).  Goodman cannot show that a more thorough explanation would have resulted in a lesser sentence or that the district court would impose a lesser sentence on remand.  *United States v. Whitelaw*, 580 F.3d 256, 264-65 (5th Cir. 2009).  Additionally, regarding Goodman's challenge to his revocation sentence based on a miscalculated criminal-history score for his sentence for stolen mail, "a defendant may not use the appeal of a revocation of supervised release to challenge an underlying conviction or original sentence".  *United States v. Willis*, 563 F.3d 168, 170 (5th Cir. 2009).

AFFIRMED.