**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 16-4007**
_____

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

       v.

GRADY LEE RUSHING,

             Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Max O. Cogburn, Jr., District Judge.  (3:08-cr-00192-MOC-1)

_____

Submitted: October 19, 2016        Decided: November 14, 2016

_____

Before MOTZ and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Chiege O. Kalu Okwara, Charlotte, North Carolina, for Appellant. Jill Westmoreland Rose, United States Attorney, Anthony J. Enright, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Grady Lee Rushing appeals the district court's judgment revoking his supervised release and imposing a sentence of time served, plus an additional four-year term of supervised release. On appeal, Rushing assigns error to the district court's refusal to eliminate the portion of his original criminal judgment mandating reimbursement for the costs of Rushing's court-appointed attorney. Rushing also challenges the procedural reasonableness of the revocation sentence in terms of the adequacy of the district court's explanation for the selected term of supervised release. For the reasons that follow, we affirm.

Rushing first asserts that, pursuant to this court's decision in United States v. Moore, 666 F.3d 313, 320-24 (4th Cir. 2012) (holding that a fee-reimbursement order must be based on the district court's "finding that there are specific funds, assets, or asset streams (or the fixed right to those funds, assets or asset streams) that are (1) identified by the court and (2) available to the defendant for the repayment of the court-appointed attorneys' fees"), the reimbursement provision in the original criminal judgment is invalid, and that the district court erred in declining to excise this portion of that judgment. Assuming without deciding that this is correct and that the reimbursement order would not stand after Moore,

2

Rushing fails to identify any legal authority for the proposition that the district court could alter the reimbursement order — which was part of the original criminal judgment — in the context of adjudicating a supervised release revocation petition. Cf. United States v. Willis, 563 F.3d 168, 170 (5th Cir. 2009) ("It is by now well-established that a defendant may not use the appeal of a revocation of supervised release to challenge an underlying conviction or original sentence."); United States v. Eskridge, 445 F.3d 930, 934 (7th Cir. 2006) (explaining that "[a] district judge may still correct a final judgment in a criminal case to reflect the sentence he actually imposed but he cannot change the sentence he did impose even if the sentence was erroneous"). We thus reject Rushing's first assignment of error.

Next, Rushing challenges the adequacy of the district court's explanation for imposing an additional four-year term of supervised release. "A district court has broad discretion when imposing a sentence upon revocation of supervised release." United States v. Webb, 738 F.3d 638, 640 (4th Cir. 2013). This court "will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." Id. (internal quotation marks omitted). "When reviewing whether a revocation sentence is plainly unreasonable, we must first determine whether it is unreasonable at all." United States v.

Thompson, 595 F.3d 544, 546 (4th Cir. 2010). A revocation sentence is procedurally reasonable if the district court adequately explains the sentence after considering the policy statements in Chapter Seven of the Sentencing Guidelines and the applicable 18 U.S.C. § 3553(a) (2012) factors. See 18 U.S.C. § 3583(e) (2012); Thompson, 595 F.3d at 546-47.

The transcript of the revocation hearing reveals that the district court imposed a new, four-year term of supervised release on Rushing for two main reasons: (1) Rushing's demonstrable need for supervision and guidance as he adapted to living a law-abiding life; and (2) to protect the public from further criminal activity by Rushing while he made this adjustment. This explanation reflects the district court's consideration of permissible factors, see 18 U.S.C. §§ 3583(e), 3553(a)(1), (a)(2)(C), and more than satisfies the above standard.

We therefore affirm the district court's revocation judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4