# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 6, 2022

Lyle W. Cayce
Clerk

No. 21-50713
Summary Calendar

---

United States of America,

*Plaintiff—Appellee*,

*versus*

Idania Renteria,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:16-CR-244-1

---

Before King, Costa, and Ho, *Circuit Judges*.

Per Curiam:*

Idania Renteria, federal prisoner # 80316-380, appeals the 14-month sentence, which was within the guidelines range, that was imposed on the revocation of her supervised release. She argues that the sentence is substantively unreasonable because it was ordered to be served consecutively

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-50713

to the 37-month sentence she received for the illegal reentry conviction that formed the basis for the revocation of her supervised release. Renteria asserts that because she will likely face administrative detention for immigration proceedings, she will serve three separate periods of incarceration, rendering her revocation sentence multiplicitous.

We review Renteria's revocation sentence to determine if it is "plainly unreasonable." *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011). We review the substantive reasonableness of the sentence for an abuse of discretion, examining the totality of the circumstances. *United States v. Fuentes*, 906 F.3d 322, 325 (5th Cir. 2018).

Renteria's reliance on *United States v. Willis*, 563 F.3d 168 (5th Cir. 2009), is misplaced. In *Willis*, the defendant faced two revocation sentences for what should have been one underlying conviction. *Id.* at 170. Renteria faces only one revocation sentence for one conviction. Separate detention flowing from the civil immigration consequences of her conduct does not make the criminal sentence multiplicitous.

Nor has Renteria shown that when it imposed the revocation sentence, the district court failed to account for a factor that should have received significant weight, gave significant weight to an irrelevant or improper factor, or made a clear error of judgment in balancing the sentencing factors. *See United States v. Badgett*, 957 F.3d 536, 541 (5th Cir.), *cert. denied*, 141 S. Ct. 827 (2020); *see* 18 U.S.C. § 3583(e).

AFFIRMED.

2