# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 30, 2022

Lyle W. Cayce
Clerk

No. 21-50839
CONSOLIDATED WITH
No. 21-50861
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JOE OCTAVIO GRANADO,

*Defendant—Appellant*.

Appeals from the United States District Court
for the Western District of Texas
USDC Nos. 7:14-CR-247-1, 7:14-CR-153-1

Before WIENER, DENNIS, and HAYNES, *Circuit Judges*.

PER CURIAM:*

In these consolidated appeals, Joe Octavio Granado contends that the district court's orders revoking his supervised release and imposing consecutive 21-month terms of imprisonment are substantively

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

unreasonable. He notes that the total sentence exceeds the length of the original concurrent sentences, that his supervised release violations were Grade C violations, and that the sentences imposed exceed the guidelines range of three to nine months.

Because there was no objection, our review is for plain error. *See United States v. Whitelaw*, 580 F.3d 256, 259 (5th Cir. 2009). Granado "must show an error that is clear or obvious and affects his substantial rights." *Id.* at 260. If he "makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.*

Granado asserts that the sentences are multiplicitous. He invokes *United States v. Willis*, 563 F.3d 168, 160-70 (5th Cir. 2009). The holding in *Willis* is limited to its material facts, which differ from those presented by the instant case. *See United States v. Fuentes*, 906 F.3d 322, 326-27 (5th Cir. 2018). We have "routinely affirmed revocation sentences exceeding the advisory range, even where the sentence equals the statutory maximum." *United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013) (internal quotation marks and citation omitted); *see also* 18 U.S.C. § 3583(e)(3). A district court may impose consecutive terms of imprisonment when it revokes concurrent terms of supervised release. *See United States v. Gonzalez*, 250 F.3d 923, 929 (5th Cir. 2001); *see also* 18 U.S.C. § 3584(a). The district court's orders are AFFIRMED.