# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 8, 2022

Lyle W. Cayce
Clerk

No. 21-11059
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

LAMON DEMETRUS WRIGHT,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:20-CR-25-1

Before KING, HIGGINSON, and WILLETT, *Circuit Judges*.

PER CURIAM:*

Lamon Demetrus Wright appeals the revocation of his supervised release. He argues that the district court erred by admitting his girlfriend's out-of-court statements alleging that he assaulted her. Wright also appeals the 60-month sentence that the district court imposed upon revocation. He

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

argues that the sentence is plainly unreasonable because the district court erroneously believed that a mistake in the original criminal judgment barred it from imposing a lower sentence. We AFFIRM.

First at issue are Wright's girlfriend's out-of-court statements alleging that he assaulted her. The district court admitted these statements at the revocation hearing via a recording of the 9-1-1 call that Wright's girlfriend placed and via the responding officer's body-camera footage. Wright's girlfriend did not testify at the revocation hearing, and Wright was therefore unable to confront her.

A defendant "in supervised release revocation proceedings ha[s] a qualified right to confront witnesses." *United States v. Jimison*, 825 F.3d 260, 261 (5th Cir. 2016). However, as relevant here, we "look to whether the Government has shown good cause to overcome the defendant's right to confront the hearsay declarant[] arrayed against him." *United States v. Alvear*, 959 F.3d 185, 189 (5th Cir. 2020) (internal quotation marks and citations omitted). "Determining whether good cause exists requires weigh[ing] the defendant's interest in confrontation of a particular witness against the Government's proffered reasons for pretermitting the confrontation." *Jimison*, 825 F.3d at 263 (internal quotation marks and citations omitted). Our review is de novo. *Id.* at 262.

Wright's "interest in finding a means to undermine the putative victim's . . . statements is certainly a strong one," especially insofar as her statements "formed the core of the case offered in court to prove the Grade A violation[]" of assaulting her. *Alvear*, 959 F.3d at 189 (internal quotation marks and citations omitted). However, Wright's failure to "propose an alternative theory of events" tempers that interest. *Id.* On the other side of the balance, we "look to the Government's proffered reason for the hearsay declarant's absence from the hearing or reasons that could be inferred from

the record." *Id.* at 190. The Government argued that the witness was absent because she refused to cooperate, and it can "be inferred from the record" that the reason for her refusal was fear of Wright. *Id.* The balance here therefore favors the Government. *See, e.g.*, *id.*; *United States v. Reza*, 759 F. App'x 269, 270–72 (5th Cir. 2019) (finding good cause under similar facts); *United States v. Elizondo*, 502 F. App'x 369, 370–73 (5th Cir. 2012) (same).

Likewise, as in *Alvear*, Wright's girlfriend's out-of-court statements have sufficient indicia of reliability. *See* 959 F.3d at 191. The physical evidence of injury and the impression of fear that she conveyed when speaking about the assault corroborate her statements to the dispatcher and the responding officer. She also gave a sworn written statement that Wright "chok[ed]" her "for maybe a minute." And the record does not indicate any ulterior motive she may have had to lie about what happened. In short, while Wright had a strong interest in cross-examination, the Government showed good cause for overcoming that interest, and the out-of-court statements the Government relies on have sufficient indicia of reliability. *See Alvear*, 959 F.3d at 189–91.

Next (and last) at issue is Wright's argument that the district court erroneously believed that a mistake in the underlying criminal judgment against Wright prevented it from exercising discretion to impose a revocation sentence of fewer than 60 months.

We "review a sentence imposed after revocation of supervised release under the plainly unreasonable standard of review," first ensuring that "the district court committed no significant procedural error, such as failing to consider the [18 U.S.C. § 3553(a)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence, including failing to explain a deviation from the Guidelines range," and, second, considering "the substantive reasonableness of the sentence

imposed under an abuse-of-discretion standard." *United States v. Winding*, 817 F.3d 910, 913 (5th Cir. 2016) (internal quotation marks and citations omitted). The district court in a revocation proceeding is effectively bound by the underlying judgment, regardless of its validity, and a defendant thus may not use a revocation appeal to challenge the underlying criminal conviction and sentence. *See United States v. Willis*, 563 F.3d 168, 170 (5th Cir. 2009). However, the district court has discretion to consider the error in the original judgment when imposing the revocation sentence. *See United States v. Robinson*, 741 F.3d 588, 599–600 (5th Cir. 2014); § 3553(a)(1).

Contrary to Wright's interpretation of the district court's statements, the most plausible reading of the record is that the district court understood that it *could not* grant Wright's motion to dismiss and modify the original judgment, but that it *could* consider the error in that judgment when imposing a sentence. The district court chose not to consider the error, focusing instead on Wright's extensive criminal history and the nature of violations at issue.

AFFIRMED.