# United States Court of Appeals for the Fifth Circuit

No. 23-50513
CONSOLIDATED WITH
No. 23-50517

United States Court of Appeals
Fifth Circuit

**FILED**

May 13, 2024

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

DAVIIAN DWANE ROBERTS,

*Defendant—Appellant*.

Appeals from the United States District Court
for the Western District of Texas
USDC Nos. 7:08-CR-272-1,
7:11-CR-276-2

Before JOLLY, ENGELHARDT, and DOUGLAS, *Circuit Judges.*
PER CURIAM:[*]

Daviian Dwane Roberts appeals his concurrent sentences of 24 months of imprisonment, which the district court imposed following the revocation of his terms of supervised release. He contends that the district court lacked jurisdiction to revoke the terms of supervised release.

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

23-50513
c/w No. 23-50517

We review the district court's jurisdiction to revoke a defendant's supervised release de novo. *United States v. Garcia-Rodriguez*, 640 F.3d 129, 131 (5th Cir. 2011). According to Roberts, the amended order sentencing him to time-served, following the grant of his 28 U.S.C. § 2255 motion challenging his convictions in case number 7:11-CR-276-2, is void because he was not present at resentencing and because he was denied an opportunity for allocution. He claims that because the amended order was void, his supervised release should have commenced while he was incarcerated and expired prior to his release from prison.

Roberts's argument that the district court lacked jurisdiction is premised on a challenge to the legality of the resentencing order entered after the district court granted his § 2255 motion. However, the district court in a revocation proceeding is effectively bound by the underlying judgment, regardless of its validity, and a defendant may not use a revocation appeal to challenge an underlying criminal conviction or sentence. *See United States v. Willis*, 563 F.3d 168, 170 (5th Cir. 2009); *United States v. Hinson*, 429 F.3d 114, 116 (5th Cir. 2005).

Moreover, the record supports that the district court otherwise had jurisdiction. *See United States v. Johnson*, 529 U.S. 53, 57-58 (2000); *United States v. Jackson*, 426 F.3d 301, 304 (5th Cir. 2005); 18 U.S.C. § 3624(e); 18 U.S.C. § 3583(i). While Roberts argues that his terms of supervised release should have commenced running in March 2016, while he was still imprisoned, a supervised release term commences when a defendant is freed from confinement, not the date he should have been released. *See Johnson*, 529 U.S. at 57-58. Therefore, his supervised release commenced only after he was actually released from confinement. *See* § 3624(e).

Accordingly, the judgment of the district court is AFFIRMED.