# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 17, 2025

Lyle W. Cayce
Clerk

No. 23-50453
CONSOLIDATED WITH
No. 23-50460

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JOSE RAYMUNDO ROSALES,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC Nos. 7:15-CR-73-1, 7:22-CR-288-2

Before DENNIS, HAYNES, and RAMIREZ, *Circuit Judges*.
PER CURIAM:[*]

Jose Raymundo Rosales was sentenced in June 2019 to a term of supervised release that, as the Government concedes, exceeded the statutory maximum sentence under 18 U.S.C. § 3583(h).  Rosales's term of supervised release should have ended, as both sides now acknowledge, in April 2022 but did not actually end until December 2022.  Rosales did not appeal the 2019

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

23-50453
c/w No. 23-50460

sentence, nor did he challenge it under 28 U.S.C. § 2255.  After Rosales was arrested in November 2022 for dealing methamphetamine, the district court in June 2023 revoked the term of supervised release imposed in 2019 and sentenced him to two years in prison (consecutive to the sentencing for the methamphetamine event) for violating the conditions of his release.

In this appeal of the June 2023 sentence, the Government filed an unopposed motion to vacate the revocation judgment and remand to the district court for resentencing.  For the reasons below, we VACATE the judgment in No. 23-50453 and REMAND so that the district court can consider in the first instance whether it would be plainly unreasonable under *United States v. Willis*, 563 F.3d 168 (5th Cir. 2009), to sentence Rosales to additional punishment for violating the conditions of the term of supervised release imposed in 2019 upon arrest for a later matter.  Further, because Rosales no longer challenges the sentence imposed by the district court in No. 23-50460 due to mootness, we AFFIRM the judgment in that case.

## I.    Background

In May 2015, Rosales pleaded guilty in the Western District of Texas to violating 18 U.S.C. § 922(g)(1), a Class C felony that prohibits possession in interstate commerce of firearms by a person who has been convicted of a crime punishable by more than one year of imprisonment.  *See* 18 U.S.C. § 924(a)(8) (stating that maximum term of imprisonment for § 922(g) violation is 15 years); 18 U.S.C. § 3559(a)(3) (classifying as a Class C felony an offense with a maximum term of imprisonment between 10 and 25 years).  The district court sentenced Rosales to 46 months of imprisonment, to be followed by three years of supervised release.  Three years was the maximum allowable term of supervised release.  *See* 18 U.S.C. § 3583(b)(2) (stating that maximum term of supervised release for a Class C felony is three years).

2

Rosales was released from prison, with conditions and subject to the term of supervision, in August of 2018. In April 2019, a federal probation officer accused Rosales of violating the conditions of his release and petitioned the district court for a warrant. The district court found that Rosales violated the conditions, revoked the term of supervised release, and resentenced Rosales in June 2019 to eight months of imprisonment, to be followed by three years of supervised release.

All parties now agree that the three-year term of supervised release imposed by the district court in 2019 was unauthorized by statute. Under 18 U.S.C. § 3583(h), a court can revoke a term of supervised release, sentence the defendant to a term of imprisonment, and impose an additional term of supervised release to follow such imprisonment, but the additional term of supervised release "shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, *less any term of imprisonment that was imposed upon revocation of supervised release*" (emphasis added). Accordingly, the district court should have subtracted the eight-month prison sentence from the three-year maximum term of supervised release. But it did not, and therefore the new term of supervised release was eight months too long. Rosales did not appeal the 2019 sentence, nor did he challenge it pursuant to 28 U.S.C. § 2255, under which there is a one-year period of limitation. *See* 28 U.S.C. § 2255(f).

Rosales was released from prison on December 20, 2019, and began the new three-year term of supervised release. On November 10, 2022, police in Midland, Texas, arrested him for allegedly distributing methamphetamine. A probation officer accordingly sought a warrant on November 16, 2022, on the basis that Rosales violated the conditions of his release (which included not committing another crime), and the district court issued the warrant. The November 10 arrest also resulted in a federal

indictment, filed against Rosales in a separate criminal action, for conspiring to possess with intent to distribute a controlled substance in violation of 21 U.S.C. § 846.

Rosales pleaded guilty to the conspiracy indictment. The PSR concluded that the applicable Guidelines range was 151–188 months based on a criminal category of IV due to being on supervised release. Had Rosales been in criminal history category III, the range would have been 135–168 months.

In June 2023, the district court sentenced Rosales in connection with both cases—the newer conspiracy case and the earlier supervised release case stemming from the 2015 firearms possession conviction and from the 2019 revocation sentence. Rosales did not object to the PSR. In the conspiracy case, the district court sentenced Rosales to 180 months of imprisonment, to be followed by five years of supervised release. In the earlier case, the district court revoked the term of supervised release and sentenced Rosales to 24 months of imprisonment, to run consecutively to the 180-month term imposed in the conspiracy case. Rosales timely appealed both sentences. *See* FED. R. APP. P. 4(b)(1)(A)(i).

On appeal, we consolidated the earlier supervised release case and the later conspiracy case. While the parties briefed this appeal, the district court reduced Rosales's sentence of imprisonment in the conspiracy case from 180 months to 160 months pursuant to 18 U.S.C. § 3582(c)(2). Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2), *United States v. Rosales*, No. 7:22-CR-288 (W.D. Tex. May 3, 2024), ECF No. 84. As a result of that event, Rosales has conceded that his challenge to the district court's sentence in the conspiracy case is moot.

Rosales originally raised three issues on appeal; the third one, as just noted, is now moot, so we will not address it further. The relevant two: First,

Rosales argues that the district court's 24-month consecutive sentence in the supervised release case is plainly unreasonable because he should not still have been on supervised release when he was arrested in November 2022. Second, he contends that the district court lacked jurisdiction to impose the supervised release sentence.

After Rosales filed his opening brief, the Government asked in its unopposed motion to vacate for a remand to the district court for resentencing. In the motion, the Government conceded that the district court "plainly erred when it imposed a 36-month term of supervised release as part of its 2019 revocation judgment." The Government acknowledged that Rosales's term of supervised release "properly expired in April 2022, that is 7 months before probation filed the petition for revocation that resulted in the [later] revocation" and the concomitant 24-month consecutive sentence.

In light of that motion, we requested supplemental briefing addressing whether Rosales's appeal is an impermissible collateral attack on the 2019 revocation sentence. In his supplemental brief, Rosales argues that his challenge to his revocation sentence is not a collateral attack.

The Government filed a response to Rosales's supplemental brief, arguing that Rosales's appeal of his latest revocation sentence should be dismissed as an impermissible collateral attack on the 2019 revocation sentence. Alternatively, the Government argues that if we "move this case past the bar against collateral review," we should "grant the previously filed unopposed motion to vacate and remand" to the district court.

## II.    Jurisdiction

The district court had jurisdiction over the conspiracy case pursuant to 18 U.S.C. § 3231. Below we address whether the district court had jurisdiction over the supervised release case pursuant to 18 U.S.C. § 3583(i),

which provides that a court has continuing power to revoke a term of supervised release and order imprisonment if a warrant or summons was timely issued. We have jurisdiction over Rosales's appeals under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

## III.    Discussion

We begin by AFFIRMING the judgment in No. 23-50460—the conspiracy case. As explained above, Rosales abandoned his challenge to his sentence in that case after the district court reduced it from 180 months to 160 months, so it is moot. We now turn to No. 23-50453—the supervised release case.

Rosales argues that the district court could not have had jurisdiction over his supervised release case because, despite the fact that he did not appeal his 2019 revocation sentence or seek relief under 28 U.S.C. § 2255, his term of supervision should have expired before November 16, 2022, the day the probation officer sought a warrant on the basis that Rosales violated his conditions of release. *See* 18 U.S.C. § 3583(i) (stating that the "power of the court to revoke a term of supervised release for violation of a condition of supervised release" and order imprisonment "extends beyond the expiration of the term of supervised release . . . *if, before its expiration,* a warrant or summons has been issued on the basis of an allegation of such a violation" (emphasis added)). He contends that his term of supervision expired as a matter of law in April 2022. "Questions of subject matter jurisdiction cannot be forfeited or waived and are reviewed de novo." *NFL Players Ass'n v. NFL*, 874 F.3d 222, 225 (5th Cir. 2017) (per curiam) (italics omitted).[1]

---

[1] Because questions of subject matter jurisdiction cannot be forfeited or waived, we are not bound by the Government's concession in its motion to vacate that the district court lacked jurisdiction over the supervised release case.

Rosales raises various arguments, but we believe the district court should address them in the first instance. On remand, the district court should decide whether the supervised release matter was properly before it, in light of the Government's concession with respect to the 2019 revocation sentence. *See Montano v. Texas*, 867 F.3d 540, 546 (5th Cir. 2017) ("[A] court of appeals sits as a court of review, not of first view." (quotation omitted)). We also believe the district court, if it concludes that it did have jurisdiction over the supervised release case, should be the first to decide whether Rosales's challenge to his 2023 revocation sentence should be allowed under *Willis*.

The Government contends that *Willis* does not apply and that Rosales's challenge is an improper collateral attack on his 2019 revocation sentence. It is true that "a defendant may not use the appeal of a revocation of supervised release to challenge an underlying conviction or original sentence." *Willis*, 563 F.3d at 170. But in *Willis*, we held unreasonable a sentence imposed upon revocation of supervised release where it arose from an original sentence that was concededly flawed. *Id.* at 170–71.

In *Willis*, defendant Kenneth Lee Willis was convicted of two counts of being a felon in possession of a firearm. *Id.* at 169. He was sentenced to two terms of imprisonment and two terms of supervised release, all to run concurrently. *Id.* The two counts were multiplicitous in violation of the Fifth Amendment's Double Jeopardy Clause. *Id.* Willis, however, did not object to the indictment and did not raise the multiplicity of his convictions on appeal or in two motions under 28 U.S.C. § 2255. *Id.*

After Willis's release from incarceration, he violated the conditions of his supervised release. *Id.* At the revocation hearing, Willis raised the multiplicity of the underlying convictions and asked the court to "impose a new sentence for only one revoked term of supervised release." *Id.* "The

7

sentencing judge instead imposed a new sentence of incarceration of 24 months on each term of supervised release, this time to run consecutively." *Id.*

On appeal, we vacated one of the two 24-month revocation sentences. *Id.* at 171. We acknowledged that Willis could "not challenge [his] underlying convictions" for firearms possession, even though those convictions were concededly multiplicitous. *Id.* at 170. We concluded, however, that Willis was not challenging his underlying convictions; he was "not seek[ing] to disturb either the multiplicitous underlying conviction or the multiplicitous original sentence." *Id.* "Instead," we determined, Willis was challenging "the *reasonableness* of the second revocation sentence." *Id.* We continued:

> There is no question but that the second revocation sentence is multiplicitous in its own right. We do not hold, however, that the second revocation sentence is not a legal sentence. That revocation sentence stems from one of the two original sentences; that original sentence, which Willis has already served, remains undisturbed and therefore legal. If the original sentence is legal, then the revocation sentence, which depends upon it, is also legal. Our opinion does not question the revocation sentence's legality.
>
> We question instead the mere *fact* of the second revocation sentence, which would require that Willis serve two revocation sentences, *consecutively,* as a penalty for what all parties now agree was only one offense. The second revocation sentence would therefore have the practical effect of incarcerating Willis for an additional twenty-four months. . . . The fact of its multiplicity, although legal, is, under all circumstances present, plainly unreasonable.
>
> We view our holding in this case to be a narrow one. We hold only that Willis's revocation sentence, which would require that he actually serve, *i.e.,* consecutively serve, two or

more sentences as a penalty for a single offense, is plainly unreasonable. We limit the precedential value of our holding to cases presenting indistinguishable facts in all material respects.

*Id.* (footnote omitted). Because we determined that Willis's "original sentence, which Willis has already served, remains undisturbed and therefore legal," a collateral attack was unnecessary. *Id.*

We were then asked to apply *Willis* in *United States v. Fuentes*, 906 F.3d 322, 326–27 (5th Cir. 2018). In *Fuentes*, defendant Richard Fuentes pleaded guilty to possession of a firearm as a person who had accrued three prior convictions for violent felonies under the Armed Career Criminal Act ("ACCA"). *Id.* at 323. The district court sentenced him to 15 years of imprisonment and five years of supervised release. *Id.* We affirmed on direct appeal, and the district court dismissed two § 2255 motions filed by Fuentes. *Id.* at 323–24. Fuentes served nearly 13 years in prison. *Id.* at 326. About six months after he was released, a probation officer petitioned for a warrant recommending revocation of Fuentes's term of supervision. *Id.* at 324. The district court found that Fuentes violated his conditions of supervised release, revoked the term of supervised release, and sentenced him to five years of imprisonment—the statutory maximum. *Id.*

On appeal, Fuentes argued for the first time that under new and retroactive Supreme Court precedent holding certain ACCA sentences unconstitutional, his maximum sentence in the underlying ACCA case should have been only 10 years of imprisonment and three years of supervised release. *See id.* at 325–26 (stating that Fuentes argued that his offense should have been reduced to a Class C felony); 18 U.S.C. § 3583(b)(2) (stating that maximum term of supervised release for Class C felony is three years). He further contended that, in turn, his new revocation sentence should have been capped at two years, not five years. *Fuentes*, 906 F.3d at 326; *see* 18

23-50453
c/w No. 23-50460

U.S.C. § 3583(e)(3) (stating that maximum imprisonment term upon revocation is two years for Class C felony). Thus, "[s]ince his actual sentence of five years would not have been permissible without the alleged constitutional defect, and because he ha[d] already served nearly 13 years in prison (one year longer than the 12-year aggregate term that he should have been sentenced to originally)," Fuentes argued that his new revocation sentence was unreasonable under *Willis*. *Fuentes*, 906 F.3d at 326.[2]

We rejected Fuentes's argument and affirmed. *Id.* at 327. At the outset, we noted that even if *Willis* "were otherwise indistinguishable, the *Willis* court was reviewing a properly preserved challenge, whereas we are reviewing only for plain error." *Id.* at 326. We then concluded that the facts in *Fuentes* were "materially different from those presented in *Willis*" for three reasons. *Id.* at 326–27. First, we observed that in *Willis*, the defendant "argued that his original convictions were multiplicitous on their face, unlike Fuentes, who allege[d] an error in his sentence which only became apparent years later due to an intervening Supreme Court decision." *Id.* at 327. Second, unlike in *Willis*, the parties in *Fuentes* did not agree that Fuentes's original judgment of conviction was erroneous; Fuentes's argument depended on the extension of the intervening Supreme Court precedent. *Id.* We determined that "[t]his fact alone w[as] likely . . . sufficient to affirm Fuentes's sentence." *Id.* Finally, we concluded that the imposition upon Fuentes of a statutory maximum revocation sentence did not "carr[y] forward and exacerbate[]" the original ACCA sentencing flaw "in a sufficiently similar manner" to the exacerbation of the original multiplicity

---

[2] Fuentes conceded, however, that he could not challenge his underlying conviction and sentence. *Fuentes*, 906 F.3d at 324.

23-50453
c/w No. 23-50460

flaw in *Willis*. *Id.* We thus held that the district court had not committed a plain error in sentencing Fuentes. *Id.*

Turning to the matter now before us, the Government argues that Rosales's case is more like *Fuentes* than *Willis*.[3] Since Rosales never presented his *Willis* argument to the district court, and since the Government originally filed an unopposed motion to vacate and remand, we think it best to allow the district court to decide in the first instance whether *Willis* controls this case. *See Montano*, 867 F.3d at 546.[4] Accordingly, we vacate and remand with respect to the judgment and sentence in No. 23-50453.

## IV.    Conclusion

For the reasons above, we VACATE the judgment in No. 23-50453 and REMAND that case to the district court for resentencing proceedings consistent with this opinion. Further, we find as moot the issue in No. 23-50460, and we AFFIRM the district court's judgment in that case.[5]

---

[3] The Government also argues that Rosales intentionally forfeited any argument that the 2019 revocation sentence was erroneous, but it points to no persuasive evidence that Rosales "abandoned a known right." *United States v. Arviso-Mata*, 442 F.3d 382, 384 (5th Cir. 2006).

[4] Of course, if the district court concludes on remand that it had jurisdiction over the supervised release case, that *Willis* does not apply, and that it is otherwise satisfied in light of applicable sentencing factors and relevant law that reimposing a 24-month consecutive sentence is appropriate, the district court may reimpose the same sentence as previously imposed, and Rosales may appeal.

[5] To the extent that the Government's original unopposed motion to vacate and remand is appropriately before us in light of the supplemental briefs, we grant it as to No. 23-50453 and deny it as to No. 24-50460.