# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 27, 2025

Lyle W. Cayce
Clerk

No. 24-10666
Summary Calendar

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Christian Monsivais,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:21-CR-14-1

_____

Before Jolly, Graves, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Christian Monsivais appeals his 21-month sentence of imprisonment imposed on revocation of his supervised release. He argues that his sentence is substantively unreasonable because his underlying conviction is now

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

unconstitutional in light of *United States v. Daniels*, 77 F.4th 337 (5th Cir. 2023).[1]

We review Monsivais's revocation sentence to determine if it is "plainly unreasonable." *United States v. Fuentes*, 906 F.3d 322, 325 (5th Cir. 2018). We review the substantive reasonableness of the sentence for an abuse of discretion. *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011).

A defendant may not use a revocation appeal to challenge the underlying criminal conviction and sentence. *United States v. Willis*, 563 F.3d 168, 170 (5th Cir. 2009). While Monsivais relies on the narrow exception to that rule set out in *Willis*, his reliance is misplaced given the marked factual differences between the two cases. *Id.* (limiting the holding's precedential value "to cases presenting indistinguishable facts in all material respects").

Accordingly, the judgment of the district court is AFFIRMED.

------

[1] *Daniels* was subsequently vacated and remanded for further consideration in light of *United States v. Rahimi*, 602 U.S. 580 (2024). *United States v. Daniels*, 144 S. Ct. 2707 (2024). On remand, we held that 18 U.S.C. § 922(g)(3) was "unconstitutional as applied to Daniels unless the government can show that Daniels was disarmed for reasons above and beyond habitual or occasional marihuana use." *United States v. Daniels*, 124 F.4th 967, 975 (5th Cir. 2025).