# United States Court of Appeals for the Fifth Circuit

_____

No. 24-40554
Summary Calendar
_____

United States Court of Appeals
Fifth Circuit

**FILED**
June 11, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Darrell Lenard Bates,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:20-CR-58-1

_____

Before Jolly, Graves, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Darrell Lenard Bates was convicted for violating 18 U.S.C. § 2250(a) by failing to register as a sex offender. The district court sentenced Bates to 30 months in prison to be followed by five years of supervised release. Bates's conviction was affirmed on direct appeal. *United States v. Bates*, No. 22-40508, 2023 WL 4542313 (5th Cir. July 14, 2023) (unpublished). The district

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

court subsequently revoked Bates's supervised release because he possessed images depicting sexually explicit conduct and because he failed to answer truthfully the questions of the probation officer.  The district court sentenced Bates to 10 months in prison and five years of supervised release.

On appeal from the revocation of supervised release, Bates challenges his original indictment, guilty plea proceedings, and supervised release portion of his sentence.  A defendant may not use an appeal of a revocation of supervised release to contest his original conviction and sentence.  *See United States v. Willis*, 563 F.3d 168, 170 (5th Cir. 2009).

With respect to the revocation proceedings, when viewed in the light most favorable to the Government, the evidence is sufficient to support the district court's finding that Bates violated the terms of his supervised release. *See United States v. Alaniz-Alaniz*, 38 F.3d 788, 792 (5th Cir. 1994). Additionally, Bates has not shown that the sentence imposed on revocation of his supervised release was plainly unreasonable. *See United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011); *United States v. Cano*, 981 F.3d 422, 427 (5th Cir. 2020).

AFFIRMED.