# United States Court of Appeals for the Fifth Circuit

No. 25-10609
CONSOLIDATED WITH
No. 25-10611
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 6, 2025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

HORACIO BACA-RODRIGUEZ,

*Defendant—Appellant*.

Appeals from the United States District Court
for the Northern District of Texas
USDC Nos. 5:24-CR-136-1, 5:19-CR-94-1

Before ELROD, *Chief Judge*, and SMITH and STEWART, *Circuit Judges*.
PER CURIAM:[*]

Horacio Baca-Rodriguez pleaded guilty to illegal reentry under 8 U.S.C. § 1326 and was sentenced to forty-two months of imprisonment. In addition, the district court revoked his supervised release for a prior illegal-reentry offense and sentenced him to a consecutive term of eighteen

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

months in prison.  For the first time on appeal, Baca-Rodriguez argues that § 1326(b)(2) defines a separate criminal offense and that his enhanced criminal sentence is unconstitutional.  He further contends that the statutory maximum for his revocation sentence should have been only one year because the original sentence for the prior illegal-reentry offense had been unconstitutionally enhanced, as well.  However, he concedes that his arguments are foreclosed by the Supreme Court's decision in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), and this court's precedent holding that a defendant may not use an appeal of a revocation of supervised release to attack the defendant's original sentence, *see, e.g.*, *United States v. Hinson*, 429 F.3d 114, 116 (5th Cir. 2005).  The Government moves for summary affirmance or, alternatively, an extension of time in which to file a brief.  Baca-Rodriguez opposes neither motion.

The parties are correct that Baca-Rodriguez's arguments are foreclosed.  *See United States v. Pervis*, 937 F.3d 546, 553–54 (5th Cir. 2019); *see also Erlinger v. United States,* 602 U.S. 821, 838 (2024) (explaining that *Almendarez-Torres* "persists as a 'narrow exception' permitting judges to find only 'the fact of a prior conviction'" (quoting *Alleyne v. United States*, 570 U.S. 90, 111 n.1 (2013))); *United States v. Willis*, 563 F.3d 168, 170 (5th Cir. 2009) ("It is by now well-established that a defendant may not use the appeal of a revocation of supervised release to challenge an underlying conviction or original sentence.").  Thus, summary affirmance is appropriate.  *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Accordingly, the Government's motion for summary affirmance is GRANTED, the alternative motion for an extension of time to file a brief is DENIED, and the district court's judgments are AFFIRMED.