# United States Court of Appeals for the Fifth Circuit

———————

No. 25-50076

CONSOLIDATED WITH

No. 25-50079

Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

January 7, 2026

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JONATHAN MENDEZ-ESCOBAR,

*Defendant—Appellant*.

———————————————————

Appeals from the United States District Court
for the Western District of Texas
USDC Nos. 2:24-CR-3197-1,
2:24-CR-1640-1

———————————————————

Before HIGGINBOTHAM, ENGELHARDT, and RAMIREZ, *Circuit Judges*.

PER CURIAM:[*]

Jonathan Mendez-Escobar appeals the sentence imposed following his conviction for illegal reentry after deportation as well as the district court's order revoking his supervised release. Our review is for plain error only, as

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

25-50076
c/w No. 25-50079

he did not preserve any of the issues he raises on appeal. *See Dominguez-Alvarado*, 695 F.3d 324, 327-28 (5th Cir. 2012); *Puckett v. United States*, 556 U.S. 129, 135 (2009).

We reject Mendez-Escobar's contention that because he is a deportable alien, the district court reversibly erred in imposing supervised release. Even assuming the district court clearly or obviously erred by imposing supervised release without an individualized justification, he has failed to show that any error affected his substantial rights. *See United States v. Cancino-Trinidad*, 710 F.3d 601, 606-07 (5th Cir. 2013). And his argument that the supervised release sentence violates due process, the separation of powers doctrine, and the Eighth Amendment "requires the extension of precedent," so he cannot show any clear or obvious error. *United States v. Vargas-Soto*, 700 F.3d 180, 182 (5th Cir. 2012). We also reject his related attempt to challenge the revocation judgment on the grounds that it is based on a prior constitutionally defective supervised release term. *See United States v. Willis*, 563 F.3d 168, 170 (5th Cir. 2009); *Vargas-Soto*, 700 F.3d at 182.

Finally, Mendez-Escobar appears to argue for the first time in his reply brief that the district court impermissibly considered 18 U.S.C. § 3553(a)(2)(A) in imposing supervised release and in the revocation proceeding. We will not consider issues raised for the first time in a reply brief. *United States v. Rodriguez*, 602 F.3d 346, 360-61 (5th Cir. 2010).

AFFIRMED.

2